Charlene F. GIEBE and Gerald R. Giebe, Petitioners,

v.

Honorable Martin PENCE and Chester H. Brower, Respondents.

No. 26109.

United States Court of Appeals, Ninth Circuit.

Aug. 19, 1970.

---

1. The record does not contain that portion of the record showing the impanelment of the jury.

D. N. Ingman, of Honolulu, Hawaii, for petitioners.

Martin Pence, U. S. District Judge, Honolulu, Hawaii, for respondents.

James E. Duffy, of Cobb & Gould, Honolulu, Hawaii, for real party in interest.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM:

Proceeding under 28 U.S.C. § 144, the plaintiffs in Giebe v. Brower, Civil No. 3051 in the United States District Court for the District of Hawaii, moved in the district court to disqualify The Honorable Martin Pence, a judge of that court, from proceeding in that cause because of alleged personal bias and prejudice. The motion was supported by the affidavit of David N. Ingman, plaintiffs' attorney of record, and by certain exhibits.

Two hearings were held upon the section 144 motion, following which it was denied.

Plaintiffs then applied to this court for a writ of prohibition or mandamus to require Judge Pence to step aside in Giebe v. Brower. We called upon Brower, defendant in the district court action, to file an answer. The answer has now been filed.

The memorandum accompanying the petition, and Brower's answer, constitute briefs adequate for our purpose, and no oral argument will be necessary.

The district court denied the motion for disqualification on several grounds. One of these was that the affidavit filed in support of the motion was not that of a party to the proceeding.

The first sentence of the section begins with the words " * * * Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit * * *." While petitioners concede that no party to the district court proceeding made a supporting affidavit, they contend, in effect, that an affidavit made by a party's counsel of record constitutes substantial compliance with the statute.

In support of this view, petitioners cite Rosen v. Sugarman, 357 F.2d 794 (2d Cir. 1966). In our opinion this bankruptcy case is not in point. It is true that the section 144 affidavit was filed by the attorney for the debtor in possession, Alex L. Rosen. But the affidavit was filed in an effort to disqualify the judge from passing upon Rosen's personal application for an allowance in that proceeding. Thus, under the special circumstances, the attorney who made the affidavit was a party in the relevant proceeding. He was so shown in the caption of the mandamus proceeding which later came before the Second Circuit.

Petitioners also state that there are "many modern federal cases" indicating that an affidavit of an attorney satisfies the requirements of section 144. The only support for this statement offered by petitioners is their reference to annotations in 23 A.L.R.3d 1416, 2 A.L.R. Fed. 917, and 94 A.L.R.2d 826. This is not an acceptable way of calling court decisions to our attention. We have nevertheless examined these annotations and find nothing bearing upon the problem under discussion.

We hold that, in view of the explicit language of section 144, the district court did not err in denying the disqualification motion on the ground stated. We need not decide whether the other grounds relied upon by the district court are also meritorious.

The petition for a writ of prohibition or mandamus is denied.