UNITED STATES of America ex rel.
Henry WILSON, Petitioner-
Appellant,

v.

Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.

No. 630, Docket 34583.

United States Court of Appeals,
Second Circuit.

Argued Jan. 21, 1971.

Decided Feb. 24, 1971.

Cameron Clark, New York City, for petitioner-appellant.

Robert S. Hammer, Asst. Atty. Gen., New York City (Samuel A. Hirshowitz, First Asst. Atty. Gen. and Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, on the brief), for respondent-appellee.

Before MEDINA, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Henry Wilson and another man were severely beating and robbing a passer-by in Brooklyn, N. Y. in September of 1962 when, as luck would have it, two policemen in a patrol car, responding to the victim's cries for help, caught the muggers red-handed. Both men were convicted in the New York Supreme Court, Kings County, by the verdict of a jury in January of 1963 for committing grand larceny in the first degree, robbery in the first degree, and assault in the second degree. Wilson received a sentence of 7½–15 years in prison on the larceny count, a concurrent term of 15–30 years on the robbery count, execution of which sentence was suspended, and a suspended sentence on the assault count. Once again appellant challenges the convictions on various grounds,[1] but for the reasons hereinafter stated we affirm the denial of the writ. Judge Motley's opinion below is not reported.

▮▮ Appellant first claims that no evidence of his "taking" of any property of the victim, a material element in the crimes of larceny and robbery under former New York Penal Law Sections 1290 and 2120 (McKinney's Consol. Laws, c. 40, 1944) respectively, was introduced at trial, so, it is said, the convictions on those two counts must fall on due process grounds for a total lack of proof. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The issue of the sufficiency of the evidence was raised before Judge Cannella in appellant's previous habeas corpus petition, so under 28 U.S.C. Section 2244(b) (Supp. V, 1965–1969) it cannot be considered now. Moreover, there was more than ample evidence introduced at the trial to support a finding that property was taken. The victim testified he had a twenty dollar bill in his wallet and some keys with him when he was attacked, but after he was rescued those two items had disappeared. His pockets were turned inside out and one of them was torn completely loose.

▮ Appellant next argues that the portion of the judge's charge to the jury where he said: "Although there was an assault in the first degree, you are not to concern yourselves with it at all," was so prejudicial as to deny Wilson due process of law, in that it conveyed to the jury the impression that the trial judge personally believed appellant to have committed a crime not charged in the indictment. United States v. Allied Stevedoring Corp., 241 F.2d 925 (2d Cir.), cert. denied, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143 (1957). No objection, however, was made by appellant's trial counsel and this was doubtless because the statement, when read in context,[2] simply explained the difference

[1]. Appellant's convictions were affirmed without opinion in People v. Wilson, 22 A.D.2d 1016, 256 N.Y.S.2d 320 (2d Dept. 1964), and leave to appeal to the Court of Appeals was denied. A writ of error *coram nobis* was denied by the New York Supreme Court on October 11, 1965, affirmed, 26 A.D.2d 911, 274 N.Y.S.2d 575 (2d Dept. 1966), and leave to appeal to the Court of Appeals was denied. A petition for habeas corpus was dismissed by Judge Cannella on September 20, 1967 (67 Civ. 3664), and this Court denied a certificate of probable cause on December 17, 1968 (MR 1900). The present petition was denied by Judge Motley on December 22, 1969 (69 Civ. 3668), who then granted a certificate of probable cause on January 19, 1970.

[2]. The third crime with which the defendants are charged is the crime of assault in the second degree. Now, in the first two counts we had first degree charged.

in the degrees of the crime of assault to the jury and told them that even if they thought the defendants had committed an assault in the first degree they could not convict them of that crime. The claim of an appeal to race prejudice by the prosecutor in his voir dire examination of prospective jurors has no merit whatever.

We are grateful to Cameron Clark for his earnest efforts on appellant's behalf.

Affirmed.

You can only go downward. You can never go upward. Although there was an assault in the first degree, you are not to concern yourselves with it at all. You will only concern yourselves with assault in the second degree, and if that has not been established to your satisfaction, a lesser degree. You can only go downward. Assault in the third degree.