332 F.Supp. 324 (1971)
Burl Gene MARET, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 71 C 426(1).
United States District Court, E. D. Missouri, E. D.
August 26, 1971.
*325 Burl Gene Maret, pro se.
Daniel Bartlett, Jr., U. S. Atty., for respondent.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is pending on motion of petitioner, Burl Gene Maret, to set aside his sentence and judgment, under the provisions of 28 U.S.C. § 2255. In addition to this, he asks for the appointment of counsel; an evidentiary hearing; and subpoenaing of witnesses, including his own lawyer, the judge of the court, and all the psychiatrists who have examined him; the subpoenaing of all the records relating to his mental condition from 1964 to date; and for the disqualification of this judge.
Turning first to the motion to disqualify the judge, petitioner alleges that the Court is prejudiced because the Court refused to permit petitioner to discharge his appointed counsel and obtain another lawyer. Appointed counsel formally sought to withdraw after the petitioner had attempted to discharge him, and the Court made this remark: "Well, I can tell you this, I will not relieve you from the appointment and I will not appoint whom Mr. Maret wants. You can suffer with him just like I am going to suffer with him."
Petitioner further alleges the Court is biased and prejudiced because the appointment of a psychiatrist requested by petitioner's counsel was denied. The bias required to disqualify a judge must be a personal bias or prejudice which precludes the judge from impartially exercising his responsibility in a particular case.
A distinction is to be drawn between judicial determination derived from evidence and lengthy proceedings before the Court and determination not founded upon facts brought forth in Court but based on attitudes and conceptions that have origins in sources beyond the courtroom. Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967). It is not sufficient to disqualify a judge to show prejudice or bias on his previously expressed view of law, his previous decision of the case against litigant, or adverse rulings during litigation. Knoll v. Socony Mobile Oil Co., 369 F.2d 425 (10th Cir. 1966); Knapp v. Kinsey, 232 F.2d 458 (6th Cir. 1956).
Conduct and rulings of the trial judge in the case itself provide no *326 basis for an affidavit of bias or prejudice. 28 U.S.C. § 144 which authorizes such affidavit was not intended to enable a discontented litigant to oust a judge because of adverse rulings. United States ex rel. Brown v. Smith, 200 F.Supp. 885 (D.Vt.1962), 306 F.2d 596 (2d Cir. 1962). Repeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice. United States v. Shibley, 112 F.Supp. 734 (S.D.Cal.1953). The facts set out in petitioner's motion to disqualify this Court are insufficient and that motion will be denied.
The thrust of petitioner's complaint is that he was convicted by a jury while he was of unsound mind and denied an adequate hearing on the issue of his sanity, denied a defense of insanity and a fair trial. The files and records of this case show that petitioner was sent to the Springfield Medical Center shortly after the crime occurred in July 1966, and was returned to the Center again in 1969 for an additional examination. The request that he have an additional psychiatric examination was denied by the Court, and the record of petitioner's mental problems was before this Court and also before the Court of Appeals when petitioner's appeal was heard. This issue has been exhaustively examined by the United States Court of Appeals for the Eighth Circuit and a rehearing was denied and a hearing by the court en banc was denied, United States v. Maret, 433 F.2d 1064 (1970).
There is nothing new in petitioner's request for rehearing which has not already been determined by this Court and the Court of Appeals. The Court is not required to have a hearing when the records and files of the case conclusively show that the petitioner is entitled to no relief. 28 U.S.C. § 2255. Accordingly, no hearing will be held, no subpoenas will be issued, and no attorney will be appointed for petitioner.
Plaintiff's cause will be dismissed.