Diane Serafin BLANK, Individually, and on behalf of all other persons similarly situated, Plaintiff,

v.

SULLIVAN & CROMWELL, Defendant.

No. 75 Civ. 189.

United States District Court, S. D. New York.

Aug. 4, 1975.

Harriet S. Rabb, Howard Rubin, Employment Rights Project, New York City, for plaintiff.

Ephraim London, London, Buttenweiser & Chalif, New York City, for defendant.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

This is an action brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) Plaintiff, who applied for a position as an attorney with defendant firm and was rejected, claims that defendant discriminates in the employment of lawyers on the basis of sex. The instant action has been certified as a class action by this court. (See Memorandum Opinion and Order, July 14, 1975.)

Defendant has filed an application and affidavits pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 requesting this Judge to disqualify herself on the grounds of personal and extrajudicial bias against defendant and in favor of plaintiff and her cause. (Affidavit of Arthur Dean at 4). The primary evidence of this purported bias is the court's ruling that this action be maintained as a class and "more importantly the manner in which (this and other) rulings have been issued." (Affidavit of Arthur Dean at 3). These affidavits are, as a matter of law, clearly insufficient to justify my disqualification. Defendant's motion for disqualification is, therefore, denied.

It is well settled that in determining a motion to disqualify under 28 U.S.C. § 144, the facts stated in the affidavit as the basis for the belief that prejudice exists must be accepted as true by the judge, even if he or she knows the statements to be false. *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1931); *Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York,* 444 F.2d 1344 (2d Cir. 1971); *Rosen v. Sugarman,* 357 F.2d 794 (2d Cir. 1966). If, however, those facts as stated are insufficient as a matter of law, the judge shall not be disqualified, for there is an equal duty on the part of the judge not to recuse himself when there is no occasion to do so as there is for him to do so when there is. *Rosen, supra,* at 799; *Hodgson, supra* at 1348; *Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir. 1968).

Section 144 provides for disqualification if the affidavit "give(s) fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger, supra,* 255 U.S. at 33–34, 41 S.Ct. at 233. In order to remove a judge, the bias shown must be a "personal" prejudice, from an extrajudicial source and resulting in an opinion on the merits not warranted by the facts or issues presented in the case. *Wolfson, supra* at 124; *U. S. v. Grinnell,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). Defendant's affidavits clearly fail to show the extrajudicial, personal bias, or even the inference of such bias, required for disqualification by § 144.

Defendant asserts that my personal bias was shown by the court's order that the action be maintained as a class action at a pre-trial hearing "without having afforded the defendant an opportunity to submit opposition, and without giving defendant a meaningful hearing." (Aff. of Dean at 2; Cf. Aff. of London at 2). Defendant was invited by the court to respond to plaintiff's class action motion at the June 2 hearing and again in the court's memorandum opinion granting class status. (See Tr. of June

2, 1975 hearing at 7, 8; Memorandum Opinion and Order of July 14, 1975).

In the opinion of July 14, the court granted plaintiff's motion for class certification "with leave to defendant to file an opposition at which time, if the opposing papers warrant, the court will reconsider the class action determination." (Memorandum Opinion of July 14, 1975 at 3). The court concluded its opinion by reiterating that "(t)he court continues to be willing to review defendant's objections, if any, on this issue. (Opinion at 8).

Although specifically and repeatedly invited by the court to do so, defendant failed to file any opposition to the class action determination. Most recently, defendant was directed by the court to file any opposition it has to the maintenance of the instant action as a class action. (Order of Motley, J., July 29, 1975). The July 29 order directing defendant to file papers on the class action ruling was filed by the court without benefit of the knowledge that defendant had, on July 25, filed a notice of appeal to the U.S. Court of Appeals, Second Circuit, from this court's class action order. Although defendant has inundated the court with papers and letters since the beginning of this litigation, he neglected to inform the court in any way of this appeal. Defendant responded to the court's order of July 29 by letter dated July 30, 1975 which stated that, in light of the fact that defendant was seeking to stay proceedings in the case and to file a writ of mandamus for my disqualification, he did not intend to file any papers on the class action order. Nowhere in this letter does defendant make mention of the appeal on the class action order, filed by him five days earlier and of which it is likely he knew the court was unaware.

■ The court's order that the action be maintained as a class, with leave to reconsider, at a pre-trial hearing at which both sides were present is fully consistent with the requirements of due process and the purpose of F.R.C.P. Rule 23(c) and Rule 11A of the Civil Rules of this Court.

The court issued the ruling, which superceded a prior order establishing a lengthy briefing schedule, in order to facilitate pre-trial discovery. (See Memorandum Opinion of July 14 at 8). The argument that discovery could not proceed before the court had ruled on the class action motion was made by defendant in a motion for a protective order to allow it to withhold pre-trial discovery material sought by plaintiff. Defendant argued that the production of such information should await the class action determination, because if the action was not certified as a class, the documents, which were burdensome to produce, would not be within the proper scope of discovery. (See Motion for Protective Order and Supporting Affidavit of Ephraim London of May 19, 1975.)

It should be noted at this juncture that the court called the pre-trial hearing at which the class action motion and other pre-trial motions were decided in response to the flood of papers received by the court in the instant action. This inundation, which continues to this date, was apparently the result of acrimony which had developed between the lawyers. (See, e. g., letter attached to plaintiff's motion of May 1, 1975 in which defense counsel refers to plaintiff's counsel as a "Yahoo".) This background of squabbling and hostility impeded the progress of the litigation and unduly burdened the court and necessitated, in the court's view, the disposition of pre-trial motions at periodic, regularly scheduled pre-trial conferences. (See Memorandum Opinion of July 14 at 2–3.) It is this context in which the record of the June 2 hearing and the statements by the court to the effect that the court wanted to proceed to trial and wanted to save the time of reading papers, quoted by Mr. London in his affidavit at page 4, is properly considered.

■ Mr. London offers as additional examples of personal bias, the court's rulings (a) refusing to allow a separate hearing on the question of whether there exists a continuing violation on the part of the defendant, therefore conferring jurisdiction on an otherwise time-barred claim, and, (b) refusing to allow questions related to defend-

**4**

ant's defense of "unclean hands", based on plaintiff's motive for bringing the suit, to be within the scope of pre-trial discovery. Both of these rulings are well grounded in the law and cannot be reasonably said to be the result of prejudice.

Plaintiff's claim, whether or not deemed a class action, is itself timely because it alleges a continuing violation on the part of defendant law firm. See *Kohn v. Royall, Koegel & Wells,* 6 E.P.D. ¶ 8828 (S.D.N.Y.1973), *appeal dismissed,* 496 F.2d 1094 (2d Cir. 1974) (Kaufman, J.) The court, therefore, has in no way conferred jurisdiction on plaintiff's claim. The question of whether there exists a continuing violation by defendant is clearly the heart of plaintiff's claim. As the court stated at the June 2 conference, a hearing on this issue would go directly to the merits of the case and is only properly presented at trial. (Tr. at 36.) Moreover, such a claim could not be properly presented without adequate pre-trial discovery.

The court's ruling that the motive of plaintiff in bringing the action is irrelevant is consistent with well-settled law. *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1962); *Evers v. Dwyer,* 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958); *Lea v. Cone Mills,* 301 F.Supp. 97 (M.D.N.C.1969), *aff'd* 438 F.2d 86 (4th Cir. 1971). The order that plaintiff not be required to produce documents or answer questions merely directs that pre-trial discovery not include matters which defendant could not, as a matter of law, present as a defense. Such limitation is consistent with the Federal Rules of Civil Procedure and in no way impedes proper and liberal discovery in the instant action. Federal Rules of Civil Procedure 26(b).

Defendant further seeks my disqualification on the ground that I "strongly identified with those who suffered discrimination in employment because of sex or race", and offers as support for this "identification" an eloquent quote, attributed to me, on the crippling effects of discrimination. (London Aff. ¶ 17, p. 12.) Mr. London offers, however, neither evidence of this alleged "identification" nor citation for the direct quote. This court has ruled against plaintiffs in civil rights cases and has denied class action status to a woman plaintiff alleging discrimination in employment.[1]

It is beyond dispute that for much of my legal career I worked on behalf of blacks who suffered race discrimination. I am a woman, and before being elevated to the bench, was a woman lawyer. These obvious facts, however, clearly do not, *ipso facto,* indicate or even suggest the personal bias or prejudice required by § 144. The assertion, without more, that a judge who engaged in civil rights litigation and who happens to be of the same sex as a plaintiff in a suit alleging sex discrimination on the part of a law firm, is, therefore, so biased that he or she could not hear the case, comes nowhere near the standards required for recusal. Indeed, if background or sex or race of each judge were, by definition, sufficient grounds for removal, no judge on this court could hear this case, or many others, by virtue of the fact that all of them were attorneys, of a sex, often with distinguished law firm or public service backgrounds. (Cf. Letter of Harriet Rabb, attorney for plaintiff, dated April 17, 1975.) *See* lengthy opinion by Higgenbotham, J. (E.D.Pa.) denying defendant's motion to disqualify him in a race discrimination case because he is black. *Commonwealth of Pa. v. Local Union 542, Int. U. of Engineers,* 388 F.Supp. 155 (E.D.Pa.1974), *aff'd* 478 F.2d 1398 (3d Cir. 1974), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975).

Nowhere in their affidavits do defense counsel or defendant indicate that I have any relationship or personal association or interest in this litigation. They merely point to my general background and the

1. See *Marina Voustis v. Union Carbide Corp.,* Docket # 70 Civ. 3435 (May 23, 1975); *cf. Mullarkey v. Borglum,* 323 F.Supp. 1218 (S.D. N.Y.1970); *Wilson v. Follette,* 438 F.2d 1197 (2d Cir. 1971), *cert. denied* 402 U.S. 997, 91 S.Ct. 2182, 29 L.Ed.2d 163 (1971); *Coleman v. Mery,* 72 Civ. 1455 (Nov. 1, 1972).

obvious facts of my race and sex as evidence of extrajudicial prejudice. Curiously, early in this litigation, Mr. London, counsel for defendant, wrote to the court, suggesting that I disqualify myself based on these factors. He declined, however, to make a formal motion for disqualification. (See letter of E. London dated April 16, 1975.) My reply invited him to make a formal motion which complied with the statute governing disqualification. (Letter of Motley, J. dated May 8, 1975.) Mr. London responded that he would not make such a motion, reiterating his belief expressed in his first letter that he doubted there were grounds for my removal. (See letters of E. London dated April 18, 1975 and May 12, 1975).

Despite the fact that he previously specifically declined to make such a motion on the ground that it was baseless, Mr. London now nonetheless includes the factors of my background, race and sex, which have not changed during the pendency of the litigation, in support of his motion to disqualify.

As noted above, none of the facts included in the affidavits of defendant or defense counsel are sufficient, under the statutes, for disqualification. Defendant's motion for disqualification is, therefore, denied.

SO ORDERED.