**UNITED STATES of America, Plaintiff,**

v.

**Philippe Andre SINCLAIR, Defendant.**

**Crim. A. No. 76–94.**

United States District Court,
D. Delaware.

Nov. 17, 1976.

W. Laird Stabler, Jr., U. S. Atty., and Alan J. Hoffman, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Morton R. Kimmel, of Kimmel, Spiller & Bradley, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

The matter presently before the Court is defendant's motion and affidavit to disqualify me from presiding over this case.

### I. Background Facts

The Grand Jury of this district returned a sealed indictment against the defendant on October 6, 1976 charging him with three offenses. Count 1 charges a violation of 26 U.S.C. § 7212(b) in that the defendant on or about September 24, 1976 did attempt to forcibly rescue or cause to be rescued an automobile that had been seized pursuant to the Internal Revenue Code. Count 2 charges that on the same date defendant, by use of a dangerous weapon, did assault and interfere with Special IRS Agent Wiley P. Smith while he was engaged in the performance of his duties in violation of 18 U.S.C. § 111. Count 3 charges a violation of 26 U.S.C. § 7212 in that the defendant on the same date by threats of force did endeavor to intimidate and impede IRS Officer Wayne Dohrman while he was acting in his official capacity pursuant to the Internal Revenue Code. (Docket Item 1). The indictment was unsealed on October 18, 1976 (Docket Item 4) and the defendant entered a not guilty plea to the entire indictment at his arraignment on October 20, 1976. (Docket Item 1). The case was assigned to me on October 21, 1976. (Docket Item 5). The government moved for trial on October 29, 1976. (Docket Item 6). The Court, noting that no motions had been filed within ten days following arraignment as required by paragraph 5 of this court's Speedy Trial Plan, gave notice to the parties on November 2, 1976 that trial would commence on November 15, 1976. On the

same date the Court received a hand delivered letter from the defendant's attorney stating that he had other prior court engagements continuously from November 8 through November 22, 1976 and requesting that the trial be rescheduled sometime in December 1976. (Letter of Kimmel to Court). The Court, honoring defense attorney's request, mailed a notice, dated November 3, 1976, rescheduling the trial to commence on January 3, 1977 the first available date.

On the afternoon of November 3, 1976, apparently before defense counsel received the notice of the rescheduled trial date, defendant filed a motion to disqualify me and for a change of venue. (Docket Item 7). On November 5, 1976 I wrote to defense counsel pointing out that the motion of disqualification was deficient because an affidavit and certificate of good faith were required as provided in 28 U.S.C. § 144 and advised that if the defendant intended to pursue the matter, the required documents should be filed on or before November 12, 1976.

## II. *Affiant's Basis for Recusal Motion*

On November 12, 1976, in accordance with 28 U.S.C. § 144, defendant filed his affidavit containing allegations for disqualification (Docket Item 10) accompanied by a certificate of counsel stating that counsel believed the affidavit was made in good faith. (Docket Item 11). Because it is the focal point of this memorandum opinion, it is set forth in full:

"Philippe A. Sinclair does hereby affirm and state as follows:

(1) the judge before whom this matter is pending is the Honorable James L. Latchum;

(2) I believe that Judge Latchum has a personal bias or prejudice against me and in favor of the United States Government, [a] because Judge Latchum previ-

ously sentenced me on an unrelated Internal Revenue matter, [b] originally scheduled this case on November 15, 1976, which was approximately one month after my conviction by jury in the United States District Court for the District of Delaware and [c] because Judge Latchum has been prejudiced against me due to the recent prejudicial publicity."
[letters added].

The case referred to in defendant's affidavit in which I previously sentenced him is *United States v. Sinclair,* Cr.A. No. 2282.[1] In that case, defendant was convicted by a jury for failure to file employers quarterly federal tax returns in violation of 26 U.S.C. § 7203. On April 23, 1973 I sentenced the defendant to imprisonment for a term of one year on condition that he be confined to a jail type facility for a period of 10 days; the execution of the remainder of the sentence was suspended and the defendant was placed on probation for a period of eleven months and twenty days.

## III. *The Applicable Law*

■ The mere filing of an affidavit under § 144 does not automatically disqualify me from hearing the instant case. *United States v. Townsend,* 478 F.2d 1072, 1073 (C.A. 3, 1973); *Behr v. Mine Safety Appliances Co.,* 233 F.2d 371, 372 (C.A. 3, 1956), *cert. denied,* 352 U.S. 942, 77 S.Ct. 264, 1 L.Ed.2d 237 (1956). Disqualification results only from the filing of a timely and legally sufficient affidavit. *United States v. Townsend, supra* at 1073; *Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook R. R.,* 127 U.S.App.D.C. 23, 380 F.2d 570, 576 (1967), *cert. denied,* 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967).

■ It is my duty, as the judge against whom the affidavit has been filed, to pass upon the legal sufficiency of the facts alleged in the affidavit and its timeliness.

1. The more recent case referred to in defendant's affidavit is *United States v. Sinclair et al.,* 424 F.Supp. 719, Cr.A. No. 76–56 presided over by the Honorable Murray M. Schwartz. In that case defendant was found guilty by a jury verdict on October 18, 1976 of three counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, using a scheme to defraud money and property and inducing others to travel in interstate commerce in violation of 18 U.S.C. §§ 2314 and 2, and conspiracy in violation of 18 U.S.C. §§ 2314, 1341 and 2.

*Berger v. United States,* 255 U.S. 22, 33–35, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Townsend, supra* at 1073; *Simmons v. United States,* 302 F.2d 71, 75 (C.A. 3, 1962). In passing on the affidavit to recuse on the grounds of bias or prejudice the facts alleged in the affidavit must be accepted as true and I may not question either the truth of the allegations or the good faith of the pleader, *Berger, supra,* 255 U.S. at 36, 41 S.Ct. 230; *United States v. Townsend, supra* at 1073, even though I may know to a certainty that the allegations of prejudice are false. *Morse v. Lewis,* 54 F.2d 1027, 1031 (C.A. 4, 1932), *cert. denied,* 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932); *Mims v. Shapp,* 541 F.2d 415, 417 (C.A. 3, 1976). The affidavit, however, is strictly construed against the affiant, for a judge is presumed to be impartial. *United States v. Garrison,* 340 F.Supp. 952, 956 (E.D.La.1972).

The affidavit and certificate in this case were timely filed within the period allowed by the Court. However, the sufficiency of the affidavit is quite another matter. Section 144 requires a "sufficient affidavit that the judge before whom the matter is pending has a *personal* bias or prejudice . . . ." (Emphasis added). Personal bias is defined as an attitude arising from extrajudicial sources that results "in an opinion on the merits on some basis other than what the judge learned from his participation in the case," *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), or results in an "attitude toward [the] petitioner that is significantly different from and more particularized than the normal, general feelings of society at large against convicted wrongdoers." *Mims v. Shapp, supra* at 417.

On the other hand, it is equally clear that a claim of bias or prejudice based on judicial knowledge gained from prior hearings or other cases is not sufficient grounds for disqualification of a judge whether it be from prior judicial exposure to the defendant or prior judicial rulings adverse to the defendant in the same or different cases. *United States v. Beneke,* 449 F.2d 1259, 1260 (C.A. 8, 1971); *Hodgson v. Liquor Salesmen's Union Local No. 2,* 444 F.2d 1344 (C.A. 2, 1971); *Barry v. Sigler,* 373 F.2d 835, 836 (C.A. 8, 1967); *Tynan v. United States,* 126 U.S.App.D.C. 206, 376 F.2d 761, 764–765 (1967), *cert. denied,* 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967); *Lyons v. United States,* 325 F.2d 370 (C.A. 9, 1963), *cert. denied,* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); *Barnes v. United States,* 241 F.2d 252, 254 (C.A. 9, 1956). Furthermore, the outright denial of a trial continuance (which was granted in this case) does not give rise to disqualification. *United States v. Ming,* 466 F.2d 1000, 1003 (C.A. 7, 1972), *cert. denied,* 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972); *Cuddy v. Otis,* 33 F.2d 577 (C.A. 8, 1929); *Bumpus v. Uniroyal Tire Co.,* 385 F.Supp. 711, 714 (E.D.Pa.1974). *See also United States v. Anderson,* 433 F.2d 856 (C.A. 8, 1970).

Consequently, defendant's allegation of bias founded [a] upon the fact that I sentenced defendant in a prior unrelated case, or [b] because I set this case for trial, in accordance with the court's Speedy Trial Plan, after the time for filing motions had expired are insufficient grounds as a matter of law to disqualify me.

Defendant's third general allegation that I am personally prejudiced against the defendant [c] because of recent prejudicial publicity is likewise legally insufficient to disqualify me. To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger, supra,* 255 U.S. at 33–34, 41 S.Ct. at 233. This requires more than mere conclusions; facts including time, place, persons and circumstances must be set forth. *United States v. Townsend, supra* at 1074; *Hodgson v. Liquor Salesmen's Union Local No. 2, supra* at 1348; *Inland Freight Lines v. United States,* 202 F.2d 169 (C.A. 10, 1953). No disqualifying facts have been pleaded here. Accepting the fact allegation that there has been recent publicity concerning the defendant, no other facts are alleged as to the media disseminating the

publicity, or the extent or content of the publicity, or the fact that I was exposed to any of it, or the fact that it had any effect upon my impartiality. The allegation of my bias rests solely on uncited pre-trial publicity and is simply a bare conclusion unsupported by any definitive facts. As stated in *United States v. Roca-Alvarez,* 451 F.2d 843, 848 (C.A. 5, 1971):

> Finally, the bare allegation that other inflammatory information had come to the judge's attention is far too general to be the basis for disqualification."

In the present case there is no factual basis to support the conclusory allegation that any extrajudicial prejudicial publicity has ever come to my attention, was read or heard or in any way has influenced me against the defendant.

 It has been universally held that even prior written attacks upon a judge by a party to a suit are legally insufficient to support a charge of bias on the part of the judge toward the author of such a statement. *United States v. Garrison, supra* at 957; *In re Union Leader Corp.,* 292 F.2d 381, 389 (C.A. 1, 1961), *cert. denied,* 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); *United States v. Fujimoto,* 101 F.Supp. 293, 296 (D.Hawaii 1951), *motion for leave to file petition for writ of prohibition or mandamus denied, Fujimoto v. Wiig,* 344 U.S. 852, 73 S.Ct. 102, 97 L.Ed. 662 (1952). The reason behind these decisions is obvious as was stated in *United States v. Fujimoto, supra* at 296:

> "Only a psychic pleader could allege that because a defendant has published uncomplimentary statements concerning a judge, the latter will be unable to give his critic a fair and impartial trial. If such a fantastic procedure were permitted, a defendant could get rid of a judge by the simple expedient of publishing a scurrilous article, *truthfully* alleging that the article was published, and clinching the matter by asserting the bald conclusion that, since the article was uncomplimentary, the judge must of necessity be prejudiced against the publisher!" (emphasis in original).

If a judge is not disqualified when a party to a suit makes derogatory remarks about the sitting judge, how can alleged publicity disseminated by the news media (which has not been shown to be prejudicial except for affiant's conclusion) be grounds for jumping to the bold conclusion, without more, that the judge was exposed to it, believed it, and will be influenced by it in determining the merits of the present case? Such an irrational result clearly is not contemplated by § 144. I find the third conclusory allegation of prejudice to be legally insufficient to disqualify me.

 Having found that the *facts* pleaded in the recusal affidavit do not warrant my disqualification, I am not only permitted to continue to preside over this case but I have an affirmative duty not to withdraw. *Simmons v. United States,* 302 F.2d 71, 75 (C.A. 3, 1962); *United States v. Tropiano,* 418 F.2d 1069, 1077 (C.A. 2, 1969), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530 (1970).

Defendant's motion to disqualify me from presiding over this case will be denied.