**Janet SMITH and David Smith,
Plaintiffs,**

v.

**J. Joseph DANYO, M. D., Defendant.**

**Civ. No. 76–1257.**

United States District Court,
M. D. Pennsylvania.

Nov. 17, 1977.

174

Alan Schwartz, Philadelphia, Pa., for plaintiffs.

James K. Thomas, Harrisburg, Pa., for defendant.

## OPINION

MUIR, District Judge.

The Plaintiffs have filed this complaint pursuant to 28 U.S.C. § 1332 alleging that the Plaintiff Janet Smith was injured as a result of the negligence of J. Joseph Danyo, M.D. The trial in this case commenced before a jury on July 11, 1977. As a result of a reference to insurance made by counsel for the Plaintiffs in his opening statement, the Court granted that day the motion of the Defendant for a mistrial and also set the case on the December, 1977 trial list in Harrisburg, Pennsylvania. On October 19, 1977, Plaintiffs filed affidavits alleging that I had a personal bias and prejudice against Janet Smith and requested that I disqualify myself pursuant to 28 U.S.C. § 144.[1] On that same date, counsel for the Plaintiffs submitted a certificate that the affidavits of the Plaintiffs were made in good faith. No motion for recusal was ever presented to the Court. F.R. Civ.P. 7(b) states that an application to the Court for an Order should be by motion. In addition, no brief in support of the Plaintiffs' request for recusal contained in the affidavits was ever submitted to the Court. Paragraph 3.6 of this Court's Order # 2 of October 7, 1976, issued in this case requires that within 15 days after the filing of any motion prior to trial, the moving party submit to the Court a brief in support of that motion and states that failure to comply with this provision will result in the motion being denied. Consequently, the Court denies the Plaintiffs's request for recusal for failure to file a motion and a brief. Because this case is scheduled for trial in

1. 28 U.S.C. § 144 reads as follows:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

December and it would be difficult for the Plaintiffs to submit a motion and a brief in time for the Court to rule prior to this case being reached for trial, the Court will deal with the merits of the Plaintiffs' affidavits for disqualification of the undersigned judge.

■ Although the requirement of 28 U.S.C. § 144 that an affidavit for recusal must be filed no less than 10 days before the beginning of the term at which the proceeding is to be heard is no longer pertinent because terms of court have been abolished, 28 U.S.C. § 144 still requires that an affidavit for recusal be filed timely. All of the events upon which the Plaintiffs base their affidavits for disqualification had occurred by July 11, 1977. The affidavits for recusal were submitted to the Court on October 19, 1977. No reason for this three-month delay has been presented to the Court. The Plaintiffs have not acted with the requisite diligence required by 28 U.S.C. § 144. Consequently, the Court will deny the Plaintiffs' affidavits for recusal because they were not filed timely. *Bumpus v. Uniroyal Tires Company, Division of Uniroyal, Inc.*, 385 F.Supp. 711 (E.D.Pa.1974).

■ But even assuming that the affidavits had been filed timely, the Court still finds that the Plaintiffs have failed to set forth facts that indicate personal bias sufficient to meet the standards of 28 U.S.C. § 144. The test for disqualification pursuant to that statute is whether assuming the truth of the facts alleged a reasonable person would conclude that a personal as distinguished from a judicial bias exists. Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). The alleged bias must result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corporation*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). The affidavit must state facts and reasons showing disqualification is required by setting forth the iden-

tifying time, place, persons, occasions and circumstances with an exactness that would be reasonably expected in a Bill of Particulars. *United States v. Mitchell*, 377 F.Supp. 1312 (D.C.1974); *United States v. Zagari*, 419 F.Supp. 494, 501 (N.D.Cal.1976). The affidavit must set out objective facts as opposed to general or conclusory allegations. *Griffith v. Edwards*, 493 F.2d 495 (8th Cir. 1974), cert. denied, 419 U.S. 861, 95 S.Ct. 113, 42 L.Ed.2d 97, 1974. Although the facts contained in the affidavit must be accepted as true, the judge in passing on the legal sufficiency of the affidavit is not required to accept the construction placed on them by the movant or the affiant. *United States v. Zagari*, 419 F.Supp. 494, 501 (N.D.Cal.1976). *United States v. Mitchell*, 377 F.Supp. 1312, 1316 (D.C.1974); *Tenants and Owners, etc. v. United States Department of HUD*, 338 F.Supp. 29 (N.D.Cal. 1972). A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). The affidavit is strictly construed against the affiant because a judge is presumed to be impartial. *Molinaro v. Watkins-Johnson, CEI Division*, 359 F.Supp. 467 (D.Md.1973). Applying the above-stated concepts, the Court will consider each of the Plaintiffs' contentions of bias *seriatim*.

■ First, the Plaintiffs contend that the undersigned judge failed fairly to apply the pre-trial Order which was issued in this case. That Order states that a continuance will be granted only in extraordinary circumstances and uses as an example Hurricane Agnes. According to the Plaintiffs, I deviated from that Order to allow not only for a continuance but for a splitting of the trial in their case to accommodate my personal plans. The undersigned judge allegedly stated that the trial had to be finished by July 21 and if it were not that it would have to be stopped and postponed until somewhere around August 2 or August 3 depending on how the jury selection went in Williamsport for the August, 1977 list. Counsel for both sides informed

the judge that the trial could not be completed by July 21. I supposedly replied that because of a very pressing family problem which I was not in a position to disclose I had to be out of the jurisdiction including Friday, July 21 for at least one week. According to the Plaintiffs, they would be severely prejudiced if the trial were interrupted in midstream because the Plaintiffs and many of their witnesses were from states other than Pennsylvania. The Plaintiffs contend that my failure to continue the case indicated personal bias against them. Because of the mistrial, the presentation of this case was not split. The Court did not continue this case on July 11 because it believed that delay of a week would not hinder the presentation of the Plaintiffs' case. If this case had been continued, the Court would have been left with unusable trial time. It could not take a case off of another list on only a few days notice and require the parties to commence trial as the Plaintiffs suggest in their affidavits. Because of the severe caseload facing this Court, idle trial days cannot be tolerated in the absence of strong countervailing policy considerations. A refusal to grant a continuance does not constitute a basis for disqualification pursuant to 28 U.S.C. § 144. *U. S. v. Ming*, 466 F.2d 1000, 1003 (7th Cir. 1972), cert. denied, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972); *United States v. Sinclair*, 424 F.Supp. 715 (D.Del.1976).

■ Second, the Plaintiffs contend that the undersigned judge's "obsession with respect to his inflexible scheduling of my case" (Janet Smith's affidavit page 3) is shown by the Court's suggestion that substitute counsel be used on a day on which the Court had previously agreed not to sit because Plaintiffs' counsel was scheduled to speak at a seminar. According to the Plaintiffs, this was highly inconsiderate and proves to them that I have a predisposition against them. The Court never stated that it would not abide by its original determination not to sit on the day that counsel had another obligation. Its suggestion was not designed to be highly inconsiderate but was an attempt to expedite this case to avoid its

presentation being divided by the undersigned judge's unavoidable absence. This Court's attempt to expedite this matter based on its power to control its docket is not extrajudicial bias and does not indicate a personal animosity toward the Plaintiffs. Even if the Court had failed to grant counsel an opportunity to speak at the seminar when this case was being tried, there would be no basis for a disqualification. As stated above, the denial of a trial continuance does not rise to the level required by 28 U.S.C. § 144 for disqualification. *United States v. Ming*, 466 F.2d 1000, 1003 (7th Cir. 1972), cert. denied, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972).

■ Third, Plaintiffs contend that the undersigned judge's personal bias toward them is shown by his reasoning for bifurcating the case. According to Janet Smith's affidavit, the Court said that if the trial were to be bifurcated the second phase would promptly follow the first. Plaintiffs allege this would have been an impossibility and this indicates that the undersigned judge never thought that the Plaintiffs' case would reach the second stage or did not care about the obvious difficulties the Plaintiffs would experience by the delay in completing the trial after it had already started. When this Court stated that the second phase would promptly follow the first, it meant as soon as possible considering the enforced absence of the undersigned judge. The first phase might not have been completed before the undersigned judge would have had to recess the Court for the reasons set forth above. The Court in its decision to bifurcate this case in its Order denying the Plaintiffs' motion for a reconsideration of the order of bifurcation took into consideration the difficulties which the Plaintiffs might experience and determined that the advantages of bifurcation outweighed those problems. A reasonable person would not conclude that the Court's statement and its bifurcation of this case indicated that it believed that the case would not reach the second stage. *United States v. Mitchell*, 377 F.Supp. 1312, 1316 (D.C.1974). My decision to bifurcate this

case was based on legal grounds and does not constitute an extrajudicial source of bias which is required for disqualification pursuant to § 144.

Fourth, the Plaintiffs contend that the undersigned judge's arbitrary and capricious attitude against them was displayed by my "miniscule and stringent allegation of time in which to resolve important issues". The facts supporting this allegation are taken from Plaintiff Janet Smith's affidavit and for the purpose of a request for disqualification are accepted as true. According to Janet Smith, on Monday, July 11, 1977 at 9:30 A.M. a conference was held with the undersigned judge to resolve pending issues. Several of these matters were not discussed because the time was spent on the question of the disqualification of a juror and the undersigned judge's own scheduling problems. According to the Plaintiffs, the undersigned judge at 10:00 A.M. ended the conference and stated that the trial would commence. This action, according to the Plaintiffs, indicates the undersigned judge's inflexibility and his obsession to start the case at a certain time whatever the consequences to the Plaintiffs. If the Plaintiffs' counsel had several issues to present to me, he had the responsibility to request that the conference begin before 9:30 A.M. and inform me of the reason for this request. Order of June 15, 1977. The Court believes that it has an important responsibility to utilize the time of the jurors effectively and sensitively. Too many citizens deliberately attempt to evade jury duty. Part of the reason for this is the failure of courts to be tender of a juror's time. Often jurors find themselves sitting for days in barren rooms with nothing to do. This Court believes that every time a jury is impanelled the jury system itself is on trial. It will not permit jurors to be kept waiting because counsel has not effectively foreseen the time that certain matters will take. This decision involved the Court's right to control the progress of a case. It is a judicial decision and does not show personal bias. Acts which have their claimed genesis from the course of the trial do not constitute grounds for disqualifica-

tion. *Lazofsky v. Sommerset Bus Company, Inc.*, 389 F.Supp. 1041, 1043 (E.D.N.Y. 1975). Bias must be demonstrated to arise from an extrajudicial source which renders the judge's trial participation unfair in that it results in an opinion formed by the judge on the merits on some basis other than that learned in the participation of the case. *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976). A reasonable person would not conclude that a personal as distinguished from a judicial bias exists based on the above-described conduct.

Fifth, the Plaintiffs contend that the Court's allocation of time concerning the Defendant's motion for mistrial shows personal bias. Because of a comment relating to insurance that Plaintiffs' counsel uttered during his opening statement to the jury, the Defendant moved for a mistrial. At sidebar, Plaintiffs' counsel set forth a certain proposition of law. The Court asked him if he had any legal authority. He replied "no". The Court indicated that it would give him five minutes to obtain such authority. As a rule, this Court does not give counsel during the course of a trial any time to obtain legal support for their contentions. Counsel has an obligation to foresee certain legal questions and to be amply prepared when and if they arise. The Court wonders what counsel's and the Plaintiffs' reaction would be if every time there was a difficult evidentiary ruling to be made during a trial the Court recessed for several hours to research the question. A case would never be tried. Counsel for parties must have the same obligation as does a judge, that is, to be reasonably prepared to deal with foreseeable legal issues. That the use of the word "insurance" would cause some difficulty, in the Court's view, was clearly foreseeable by counsel for the Plaintiffs. The undersigned judge did not ask defense counsel for legal authority because he felt confident that defense counsel's motion for a mistrial was supported by the Federal Rules of Evidence and by the case law. A judge has no obligation to ask counsel in the course of a trial for supporting authority. The undersigned

judge could have ruled after hearing Plaintiffs' counsel's argument without even attempting to obtain from him legal authority. The fact that Plaintiffs' counsel was from Philadelphia and that this matter was being tried in Harrisburg has no relevance at all to the Court's allocation of time. As stated before, Plaintiffs' counsel should have been prepared. A reasonable person would not conclude that a personal as distinguished from a judicial bias exists because of the Court's granting of five minutes to obtain legal authority.

Sixth, Plaintiffs contend that my statement, "Do you want me to reverse my prior ruling?" which I uttered when their counsel presented a motion for reconsideration of a previous ruling indicates that I had a closed mind which took priority over Plaintiffs' receiving a fair trial. In addition, the Plaintiffs maintain that prior to my reading the entire motion I prematurely accused Plaintiffs' counsel of being "grossly unfair in the motion." (Janet Smith's affidavit page 6). The Plaintiffs characterized the undersigned judge's asking of the above-stated question as arrogant and defensive. The Court does not have to accept this conclusion. The question "Do you want me to reverse my prior ruling?" does not indicate a closed mind. It was an attempt by the undersigned judge to ascertain quickly the scope of the Plaintiffs' motion. Comments of a trial judge made during a pre-trial conference have been held to be unsupportive of a § 144 motion. I asked this question during a conference held immediately prior to the commencement of the trial in this case. *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970); *Duplan Corporation v. Deering Milliken, Inc.,* 400 F.Supp. 497, 518 (D.S.C. 1975). In *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); the United States Supreme Court held that if a judge reviewed briefs and papers prior to trial any adverse attitude which he evidenced toward a party as a result was not grounds for recusal pursuant to § 144. A reasonable person would not conclude that the question the undersigned judge asked indicated personal bias toward the Plaintiffs. Bias must result in an opinion on the merits on some basis other than that which the judge learned from his participation in the case. *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). The Court came to its conclusion that the counsel for the Plaintiffs had been grossly unfair in his motion for reconsideration based on its reading of the motion. This clearly resulted from the Judge's participation in the case and gives no basis for a recusal. See *Cooper v. United States,* 403 F.2d 71 (10th Cir. 1968); *United States v. Mackay,* 491 F.2d 616 (10th Cir. 1973), cert. denied, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974).

Seventh, the Plaintiffs contend that notwithstanding my representation that the bifurcation issue would remain open for further discussion and consideration by the Court at the 11:15 A.M. recess, in my opening remarks to the jury I stated unequivocally that the trial would be bifurcated, and instructed Plaintiffs' counsel to proceed with his opening comments as to liability only. According to the Plaintiffs this action was contradictory to the Court's prior statement and indicates the Court's lack of impartiality towards the Plaintiffs. Plaintiffs' conclusion is erroneous. The Court previously ruled that this case would be bifurcated and stated that it would decide the motion for reconsideration at 11:15 A.M. when the morning recess usually occurs. The prior ruling remained in effect until the Court could make a decision on the motion for reconsideration. Nothing in the Plaintiffs' affidavits indicates otherwise. The interpretation which the Plaintiffs have given the Court's statement is not binding upon the Court. *United States v. Mitchell,* 377 F.Supp. 1312, 1316 (D.C.1974). The manner in which this Court decided the motion for reconsideration did not show personal bias and did not stem from an extrajudicial source. Usually the method that a Court utilizes in deciding motions does not constitute grounds sufficient for disqualification. *Blank v. Sullivan and Cromwell,* 418 F.Supp. 1 (S.D.N.Y.1975);

*Lazofsky v. Sommerset Bus Company, Inc.,* 389 F.Supp. 1041, 1043 (E.D.N.Y.1975).

Eighth, the Plaintiffs contend that during the argument on the motion for mistrial, the undersigned judge accused Plaintiffs' counsel of attempting to put him in a bad light when in fact Plaintiffs' counsel accurately stated that the undersigned judge himself first brought up insurance during the questioning of the prospective jurors. Plaintiffs characterize this comment as showing "animus" to Plaintiffs' lawyer as a result of the undersigned judge's prejudice against the Plaintiffs. In effect, the Plaintiffs are contending that the Court's alleged bias against their counsel indicates prejudice against the Plaintiffs. Judge Bell, now Attorney General Bell, in *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1050–51 (5th Cir. 1975) stated that "party" as used in § 144 does not include counsel as such. Bias or prejudice against counsel except where it demonstrates bias of such a nature as to amount to a bias against the group of which the party is a member, for example, Negroes, Jews, Germans or Baptists, does not constitute grounds for disqualification. See *United States ex rel. Wilson v. Coughlin,* 472 F.2d 100, 104 (7th Cir. 1973); *Giebe v. Pence,* 431 F.2d 942, 943 (9th Cir. 1970); *United States v. Valenti,* 120 F.Supp. 80, 86 (D.N.J.1954). In addition, the undersigned judge's comment resulted from activity of Plaintiffs' counsel he observed during the trial, not from an extrajudicial source.

Ninth, the Plaintiffs contend the undersigned judge's allegedly harsh and hostile treatment of counsel for the Plaintiffs indicates his personal bias and personal prejudice against the Plaintiffs. According to the Plaintiffs, the undersigned judge unnecessarily commented that the remarks of counsel for the Plaintiffs which caused the mistrial in this case was "grossly improper." The characterization was made in the statement to the jury of the reason for the declaration of mistrial. The jurors and the parties were entitled to an explanation of the Court's granting of the motion for mis-

trial. In addition, according to the Plaintiffs' affidavits, the undersigned judge on two previous occasions indicated that he was "shocked" at Plaintiffs' counsel's conduct. All three of these incidents resulted from the Court's observation of Plaintiffs' counsel either in pre-trial proceedings or during the trial. Thus, any bias which this conduct displays is not extrajudicial in origin. *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Duplan Corporation v. Deering Milliken, Inc.,* 400 F.Supp. 497, 518 (D.S.C. 1975). To the extent that the Court's remarks may indicate bias against Plaintiffs' counsel they do not constitute grounds for recusal.

Tenth, the Plaintiffs contend that the Court's ruling without hearing argument from either side that asking hypothetical questions of doctors who would be expert witnesses would not be permitted at trial indicates the Court's prejudice toward the Plaintiffs. This Court usually does not permit hypothetical questions. This is a legal ruling and does not indicate personal bias toward the Plaintiffs. The Plaintiffs have not been singled out for special treatment. This is the Court's general policy which stems from the current Rules of Evidence. The Plaintiffs have the opportunity to attempt to ask hypothetical questions when their experts take the stand and persuade the Court that its original ruling was incorrect. The Court is not aware that it had made a blanket ruling that hypothetical questions would not be allowed under any circumstance. I believe that I stated that I usually do not permit hypothetical questions. But for the purposes of this motion the Court will accept Plaintiffs' contention as true. The manner in which a Court renders a ruling is not grounds for recusal pursuant to § 144. *Blank v. Sullivan and Cromwell,* 418 F.Supp. 1 (S.D.N.Y.1973); *Lazofsky v. Sommerset Bus Company, Inc.,* 389 F.Supp. 1041, 1043 (E.D.N.Y.1975). This incident stems from trial and not from an extrajudicial source.

Eleventh, Plaintiffs contend that the undersigned judge is biased and

prejudiced against them because he has "vehemently" stated on several occasions that in his opinion matters such as the Plaintiffs' personal injury case do not belong in the federal courts. Many federal judges, including Chief Justice Burger, have publicly stated that they do believe that diversity jurisdiction should be abolished. Following Plaintiffs' reasoning every federal judge who has indicated such a position including the Chief Justice would be forced to recuse himself in every diversity case. To avoid this result federal judges would be deprived of their opportunity to express their views concerning the general operation of the federal courts. Such a situation would be intolerable. The mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice. *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976). In this case, the undersigned judge merely indicated a view as to a general kind of case. An attitude or feeling a judge may entertain toward the subject matter of a case does not disqualify him. *Lawton v. Tarr,* 327 F.Supp. 670, 673 (E.D.N.C.1971). See *Blank v. Sullivan and Cromwell,* 418 F.Supp. 1 (S.D.N.Y.1975); *Commonwealth of Pennsylvania v. Local U. 542, International U. of Op. Eng.,* 388 F.Supp. 155 (E.D.Pa.1974).

■ Twelfth, Plaintiffs contend in their affidavits that the undersigned judge's refusal to allow the use of visual aids to present their case to the jury indicates prejudice against them. The Court recollects that it refused to allow the use of the visual aids during the Plaintiffs' opening statement to the jury because there would be no expert witness to interpret the visual aids and because there would be no means of verifying the accuracy of the visual aids. But it will assume that the Plaintiffs' recital of the facts is correct for the purpose of this motion. The Court's alleged denial of visual aids was a legal ruling and does not show personal bias. It stems from the trial, not from an extrajudicial source. Repeated rulings against the litigant, no matter how erroneous and vigorously and consistently expressed, are not a basis for

disqualification of a judge on the grounds of bias and prejudice. *Maret v. United States,* 332 F.Supp. 324, 326 (E.D.Mo.1971). A reasonable individual would not conclude that the Court's denial of the use of visual aids indicated personal bias against the Plaintiffs.

■ Thirteenth, Plaintiffs contend that the undersigned judge's comparison of their case on several occasions to a major malpractice case recently tried by him indicates that the undersigned judge has a preconceived idea that their case is unimportant. This interpretation of the Court's statement appears to be without basis. The Court viewed the procedures employed in a major malpractice case that it had tried in May, 1977 as a guide to the conduct of this case. Its characterization of another case as a major case in no way indicated that it viewed the present case as a minor case. A reasonable person would not conclude that the undersigned judge's comparison of this case to a major malpractice case indicated personal bias against the Plaintiffs. Plaintiffs maintain that my comment that I was shocked when their counsel asked for an hour for his opening statement because even in a recent major case I had allowed only 15 minutes for opening remarks shows my prejudice against them. This comment in no way indicates that I believe that this case is not important. A reasonable person would not conclude that this incident establishes personal bias.

All of the Plaintiffs' contentions concerning this Court's bias if taken together do not establish personal animosity toward the Plaintiffs. They involve rulings and statements made by this Court based on its observation of the conduct of this case. Disqualifying myself on the basis of the facts set forth in these affidavits would encourage judge-shopping when a party believed that a judge's rulings had been adverse to it. It is this Court's view that the purpose of this motion is to obtain another judge whom counsel feels will render more favorable decisions, particularly on the question of bifurcation. No bias, personal

or judicial, has been shown by the affidavits presented by the Plaintiffs. The Court has accepted every fact in the affidavits as true, even though in its opinion certain incidents were greatly misrepresented.

In the light of the foregoing, the Plaintiffs' request for disqualification of the undersigned judge will be denied.

An appropriate order will be entered.