James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**LIQUOR SALESMEN'S UNION LOCAL NO. 2,** of the State of New York, Distillery, Rectifying, Wine and Allied Workers' International Union of America, AFL–CIO, Defendant.

**No. 70 Civ. 2497.**

United States District Court, S. D. New York.

Feb. 16, 1971.

Whitney North Seymour, Jr., U. S. Atty., by; Daniel Riesel, Asst. U. S. Atty., New York City, for plaintiff.

Schulman, Abarbanel, Perkel & Mc-Evoy, New York City, by; Andrew T. McEvoy, Jr., and Carolyn Gentile, New York City, of counsel, for defendant.

MOTLEY, District Judge.

This is an action brought by the Secretary of Labor against a union local to set aside a union election. It has been assigned to a single judge, as such actions are in this Court, for all purposes. S.D.N.Y. R. 2.

Defendant has filed an affidavit under 28 U.S.C. § 144 requesting this judge to disqualify herself for personal and extrajudicial bias and prejudice against defendant and in favor of a dissident group within the union.[1] This

---

1. 28 U.S.C. § 144.
Whenever a party to any proceeding in a district court makes and files a timely

and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

group of dissidents initially complained to the Secretary of Labor of certain alleged illegal actions in connection with the election. These complaints led to the Secretary's investigations and ultimately to the instant suit by the Secretary.

The affidavit reads in pertinent part as follows:

\* \* \* \* \* \*

"The Joint Salesmen's Committee (a dissent group of which complainants in this action are the founders, officers and driving force) held a meeting in a restaurant in Astoria, Queens shortly after Judge Motley filed an opinion granting a permanent injunction against the defendant herein— Local 2—in Sheridan, et al v. Liquor Salesmen's Union Local 2, et al., 303 F.Supp. 999.

Godfrey P. Schmidt, Esq., the attorney for the J.S.C. (as the group styles itself) and for the complainants herein \* spoke to the assembled audience of liquor salesmen, describing the actions and future plans that he anticipated for the group (J.S.C.).

Mr. Schmidt told the assembled members of Local 2 of the various Court actions instituted by the J.S.C. against the Union and its officers and how he would make the Union bend.

Mr. Schmidt also described Judge Motley's decision in the *Sheridan* case, telling his audience of Judge Motley

a) She was good for the J.S.C. and had an understanding of their case; and that

b) He (Schmidt) was very close to Judge Motley and would try to see that

more actions would come before her Court; and that

c) He could get favored treatment from Judge Motley against the defendant Union.

The basis for my information and my belief as aforesaid is the affidavit of Mr. Howard Levine who attended the J.S.C. meeting involved and heard Mr. Schmidt speak. (A copy of Mr. Levine's affidavit is annexed hereto and made a part hereof as Exhibit "I").

Plainly the foregoing clearly evidences that Judge Motley entertains a bent of mind that will prevent or, at a minimum, impede impartiality of judgment in any proceedings involving Local 2 and the complainants herein.

Therefore, having shown Judge Motley's objectionable bias and prejudice against the defendant Union and in favor of the complainants herein, I pray that this Court recognize its duty to proceed no further and to cause this case to be reassigned to another Judge of this Court in the manner prescribed by the statute.

Sworn to before me this
6th day of January 1971.

/s/ Carolyn Gentile
Notary Public
(Bronx County)
_____"

/s/ MORTIMER BRANDENBURG

The attached affidavit of Howard Levine, who allegedly attended the J.S.C.

---

him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the brief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by

a certificate of counsel of record stating that it is made in good faith.

\* Godfrey Schmidt is actively and intimately involved in this action. He has prepared the intra union protests as well as the administrative complaint filed with the Secretary of Labor, upon which this action is based. Mr. Schmidt has been, when requested, actively assisting and cooperating with the Secretary in this action including the filing of papers herein.

meeting reads in pertinent part as follows:

\* \* \* \* \* \*

"Al Capolino spoke for about fifteen minutes and then introduced Mr. Schmidt, to go over the actions and future plans that he anticipated for the group. Mr. Schmidt told us about the actions pending in Court and how he will make the Union bend. The name of Judge Constance Baker Motley was brought up by attorney Schmidt and he stated that she was good for the JSC and had an understanding for their case. He also stated that he was very close to her and he would try to see that more actions would come before her court where she would be presiding. Mr. Schmidt said that he could get favored treatment from her against the Union. Discussion was held on various plans that they had for the future and another plea was made for contributions at the close of the meeting.

This statement is being made by me voluntarily and is true to the best of my knowledge.

/s/ ——————————————-

Howard Levine
Date: December 16th, 1970
Sworn to before me this 16th day of December 1970.

——————————————— ,,

/s/ George F. Lamont
Notary Public
(Queens County).

This court's initial duty is to inquire into the legal sufficiency of the affidavit even though its allegations must be accepted as true, and refuse to recuse herself if there is no occasion for doing so. Rosen v. Sugarman, 357 F.2d 794 (2d Cir. 1966).

At the outset, it should be noted, that the instant action is not brought by the dissident J.S.C. but by the Secretary of Labor upon a finding by him of probable cause to believe that the Labor Management Reporting and Disclosure Act has been violated. The Secretary is represented in this action by the United States Attorney for the Southern District of New York and not by Mr. Godfrey P. Schmidt, attorney for the J.S.C., or any other private attorney.

The defendant's affidavit and the attached affidavit upon which it relies are both plainly insufficient in failing to allege or set forth any statement actually made by the judge, or even allegedly made by the judge, or any action taken or allegedly taken by the judge showing personal or extrajudicial bias or from which personal or extrajudicial bias may even be inferred as required by § 144.

The affidavits point only to statements allegedly made by a lawyer at a public meeting to his clients. Even the statements allegedly made by the lawyer, strictly speaking do not show bias by the judge against this particular union. They support, at best, an inference that the lawyer may be able to secure favorable treatment for the J.S.C. or any case in which the lawyer is, in fact, counsel. This amounts to a charge, not made here, that the judge can be corrupted. In fact, personal bias and prejudice on the part of the judge, defendant's counsel stated, initially, before actually filing the affidavit, does not exist. It is only the appearance of bias flowing from the statements allegedly made by Mr. Schmidt, which is actually attacked here says defendant's counsel. But such appearances are not within the contemplation of § 144. Actual bias on the part of the judge, herself, must be alleged to be legally sufficient. Rosen v. Sugarman, *supra*. Such a statement by a lawyer does not show personal bias by the judge against this defendant.

Most significantly, the affidavit does not even allege that the lawyer and the judge are, in fact, close friends or that they even know each other outside the courtroom.

If every judge of this Court would have to recuse himself upon the filing of an affidavit which showed on its face only that a lawyer allegedly bragged to his client (upon winning a single law-

suit before a particular judge) that he won the case not on its merits but because he is a "friend" of the judge, without more, there would not be a case tried in this Court. This kind of lawyer "status inflation" is not what is contemplated by § 144.

The affidavit is legally insufficient on its face and the request that this judge recuse herself is accordingly denied.

Defendant is directed to comply with the prior order of this court within 7 days from the date of this order to serve and file a list of those questions which defendant claims the plaintiff has not fully answered in response to interrogatories served upon plaintiff.

So ordered.