**GRAND ENTERTAINMENT
GROUP, LTD., et al.**

v.

**Ariel ARAZY, et al.**

**Civ. A. No. 87–3333.**

United States District Court,
E.D. Pennsylvania.

Oct. 30, 1987.

E. Parry Warner, Philadelphia, Pa., for plaintiffs.

Robert E. Smith, Woodland Hills, Cal., Albert Gerber, Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, District Judge.

This case involves the distribution of various video cassettes including *Half A Loaf of Kung Fu, Joy of Letting Go, Andy Warhol's Dracula, Love and the Midnight Auto Supply,* and *Sensuous Susanne.* *See* Complaint at ¶ 8; Distribution Agreement at Exhibit A.

Presently before the Court is defendant Ariel Arazy's motion to disqualify the judge. Defendant bases the motion on two statutes: 28 U.S.C. §§ 144, 455.[1] Defendant has supported his motion with two affidavits, one completed by the defendant, himself, and one completed by his counsel Robert E. Smith.

A summary of the affidavits follows.

Mr. Arazy stated that Matthew Wax, who is associated with the plaintiff corporations, personally told defendant Arazy that:

1. Judge Newcomer "likes" Mr. Wax. *See* Declaration of Arazy at ¶ 4(a);

2. Judge Newcomer stated he would not permit the present action to drag out and would commence a trial in the near future. *Id.* at ¶ 4(c).

3. Judge Newcomer "dislikes" defendant, Mr. Smith, and Mr. Gerber, and want-

---

1. The relevant portions of these statutes are as follows:

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.... A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

§ 455. Disqualification of justice, judge, or magistrate

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

\*  \*  \*  \*  \*  \*

*See generally* Comment, *Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a),* 60 Temp.L.Q. 697 (1987); Note, *Disqualification of Federal Judges for Bias or Prejudice,* 46 U.Chi.L. Rev. 236 (1978).

ed to prevent Smith from proceeding as Arazy's counsel. *Id.* at ¶¶ 4(b), 4(d).

4. Judge Newcomer was "somewhat" aware of Wax's supposed generosity on behalf of children in the Philadelphia area. *Id.* at ¶ 4(a).

5. Judge Newcomer had refused to permit a California attorney, Mr. Lloyd Robinson, to conduct the trial on behalf of the defendants in a separate case, *Wax v. Infante,* No. 87–1628 (E.D.Pa.1987) (and previous related litigation) (hereinafter *"Infante* litigation"), involving Mr. Wax and the distribution rights of video cassettes. *Id.* at ¶ 7;

6. Judge Newcomer ruled in favor of Wax in the *Infante* litigation. *Id.* at ¶ 8.

Mr. Smith, defendant Arazy's counsel, has averred the following:

1. Wax and Arazy met together at E. Parry Warner's law office on October 1, 1987. *See* Smith Affidavit at ¶ 2, 6.

2. Wax did not deny that he made such comments when Smith confronted Wax with the purported statements. *Id.* at ¶ 6.

3. Smith talked with a California video distributor, Harry Young, who stated that Wax is well connected to Philadelphia judges. *Id.* at ¶ 7.

4. Smith did not file the motion for the purposes of delay and does not believe the motion to be frivolous. *Id.* at ¶ 8. However, Mr. Smith did not certify that the motion was made in good faith as required by statute. *See* 28 U.S.C. § 144.

The moving papers also allege that Mr. Wax told Mr. Arazy that Judge Newcomer had "forced a settlement" in the *Infante* litigation and "accelerated judgment" against Video Gems, a defendant in the *Infante* litigation, which forced that company into bankruptcy. *See* Motion at ¶¶ 1(a), 1(e). The court shall not consider such allegations in reviewing the present motion. First, these allegations were not made under penalty of perjury. Second, these allegations were *not made* by Mr. Arazy, the only person present during the conversation other than the alleged declarant, Mr. Wax. Rather, these allegations were made only by attorney Smith in the moving papers and are not contained in Arazy's Declaration. Since Mr. Arazy's Declaration concerning the Wax–Arazy conversation does not contain any such allegations, I conclude that they are not germane to the present motion.

Having set forth the operative facts, the court will now examine the legal standards applicable to 28 U.S.C. §§ 144, 455(a), 455(b)(1).

## STANDARD

In reviewing a motion made pursuant to 28 U.S.C. § 144 [2], the court shall consider only the legal sufficiency of the facts alleged to ascertain whether or not the facts alleged support the charge of bias.[3] The court may not question the truth of the allegations or the good faith of the pleader, regardless of the judge's personal knowledge to the contrary.[4]

The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that the judge has a personal bias.[5] In applying this test, courts have held that, to be sufficient, the affidavit must set forth relevant facts including the time, place, persons, circumstances, and the extra-judicial statements or actions of the judge which would call into question

---

**2.** The Third Circuit Court of Appeals views the provisions of 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) as overlapping. *See United States v. Nobel,* 696 F.2d 231, 235 n. 7 (3d Cir.1982). Accordingly, this Court's analysis under 28 U.S.C. § 144 shall also apply to defendant's request under 28 U.S.C. § 455(b)(1).

**3.** *Mims v. Shapp,* 541 F.2d 415, 417 (3d Cir. 1976).

**4.** *Id.*

**5.** *Id.; see also United States v. Thompson,* 483 F.2d 527, 528–29 (3d Cir.1973) (emphasizing the distinction between "personal" or "extra-judicial" bias which requires recusal and "judicial" bias which does not support a recusal motion). Extra-judicial bias refers to a bias that is not derived from the judge's review of evidence or parties' conduct during the proceedings but rather stems from a judge's personal sentiments or knowledge developed outside of the litigation process. *See Resident Advisory Board v. Rizzo,* 510 F.Supp. 793, 796–97 (E.D.Pa.1981).

the impartiality of the judge.[6] Precedent emphasizes that mere conclusions, opinions, rumors, or vague gossip are insufficient. I also note that courts have discounted disqualification motions supported by statements made by attorneys or parties which contain hearsay and are completely devoid of any allegations concerning actual extra-judicial statements or actions attributed to the judge.[7]

Defendant also bases his motion on 28 U.S.C. § 455(a). Under § 455(a) if there exists a "reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." [8] Both 28 U.S.C. § 144 and 28 U.S.C. § 455(a) should be construed together and serve to combat the same type of bias, namely, personal/extra-judicial bias.[9]

■ The filing of a motion for recusal accompanied by an affidavit does not automatically work to disqualify the target judge. While the judge has an affirmative duty to disqualify himself should the affidavit set forth sufficient allegations concerning bias, the judge has an equally affirmative duty to retain the case should the affidavit lack sufficient allegations or fail to generate a reasonable doubt concerning the judge's impartiality. Thus, the judge must carefully examine the allegations before acting on the motion.

## APPLICATION

■ Applying the above standards to the allegations of Messrs. Arazy and Smith, I conclude that the recusal motion should be denied. First, the two affidavits lack any allegations of extra-judicial statements or actions attributed to the court.[10] Second, the motion rests solely on affidavits which detail vague or irrelevant statements made by Wax and Young, the video distributor. Turning to Young's statement, it may be characterized as nothing more than vague gossip or conclusions and quickly disregarded. Moving on to the statements attributed to Wax, the statement that the court "likes" Wax lacks the requisite specific facts concerning time, place, and circumstances. This statement, too, may be discounted because of its conclusory nature.[11] I reach the same conclusion with respect to Wax's statement that the court "dislikes" Mr. Azary and attorneys Smith and Gerber.

With respect to the statement that the court is somewhat aware of Mr. Wax's alleged beneficence, I determine that such a bald statement is insufficient for the purposes of the present motion. The fact that a judge may be aware that a party or an attorney appearing before the court has engaged in philanthropy should not, by itself, mandate the recusal of that judge.

■ The statements that the court issued a schedule to insure the resolution of this action in a timely manner, presided over the *Infante* litigation, precluded Lloyd Robinson, Esquire from conducting a prior trial, and is planning, in the future, to disqualify attorney Smith, do not constitute *personal* or *extra-judicial* statements or actions by the court, but, rather, concern actions taken by the court after examining the evidence and legal precedent. Actions taken after reviewing the applicable legal standards and the evidentiary record, as opposed to extra-judicial actions, will not support recusal.[12]

---

6. *United States v. Townsend,* 478 F.2d 1072, 1074 (3d Cir.1973).

7. *Hodgson v. Liquor Salesmen's Union, Local No. 2,* 334 F.Supp. 1366 (S.D.N.Y.1971), *aff'd,* 444 F.2d 1344 (2nd Cir.1971); *accord Roussel v. Tidelands Capital Corp.,* 438 F.Supp. 684, 690 (N.D.Alabama 1977).

8. *Nobel,* 696 F.2d at 235 *quoting* H.R.Rep. No. 1453, at 5, 93d Cong. 2d Sess. 2, *reprinted in* 1974 U.S.Code Cong. & Ad.News 6351, 6354–5.

9. *Johnson v. Trueblood,* 629 F.2d 287, 290–1 (3d Cir.1980); *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) (sections 144 and 455 should be construed *in pari materia*).

10. *Compare Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921) (anti-German remarks directly attributed to trial judge); *Mims,* 541 F.2d at 416.

11. *See Hodgson,* 444 F.2d at 1349.

12. *See id.* at 1348.

Accordingly, under the standards applicable to 28 U.S.C. § 144, I believe that the allegations are insufficient; under the standards applicable to 28 U.S.C. § 544, I conclude that the allegations do not rise to the level of establishing a reasonable doubt concerning this court's impartiality. The recusal motion should be denied.[13]

An appropriate order follows.

### ORDER

AND NOW, this 30th day of October, 1987, it is hereby Ordered that:

1. Defendant Arazy's motion for disqualification is DENIED.

2. Defendant Arazy's motion for a continuance is DENIED.

AND IT IS SO ORDERED.

---

**13.** I note for the record that I dispute the substance of Mr. Wax's alleged statements.