**UNITED STATES of America**
v.
**William Alan TOWNSEND, Appellant.**
**No. 72–1240.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 19, 1972.

Decided April 10, 1973.

Steven A. Cotlar, Cotlar & Mantz, Doylestown, Pa., for appellant.

Carl J. Melone, U. S. Atty., Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before STALEY, GIBBONS and ROSEN *, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

William Alan Townsend appeals a conviction by a jury in the United States District Court for willful failure to submit to induction in violation of 50 U.S.C. App. § 462. The pivotal question in this case is whether the trial judge erred by refusing to recuse himself from presiding over the appellant's trial. Arguments which raise other questions are

* Judge Rosen participated but died before the opinion was filed.

made on appeal. We find a discussion of them unnecessary, however, since we reverse on the recusal issue.

On May 13, 1970, the appellant was classified I-A by his local draft board in Bristol, Pennsylvania. On July 24, 1970, he was mailed notice to report for induction on August 19, 1970. Townsend appeared at the induction center as ordered but did not step forward for induction. Instead, he submitted to the officer in charge a statement which indicated for the first time that he was a conscientious objector.

As the trial began, the appellant presented an affidavit to disqualify the trial judge under 28 U.S.C. § 144 on the basis of statements allegedly made by the judge five days before at a pretrial conference. The following portions of the affidavit attributed to the judge remarks concerning the sentencing of selective service violators.

"The judge stated that the defendant's sentence would be thirty months in prison irrespective of whether a plea would be entered or defendant would be found guilty after trial.

"The judge stated that he sentences all selective service violators to thirty months in prison if they are 'good people.'

"The judge stated that he felt a duty to pressure conscientious objectors into submitting to induction and that a uniform thirty months sentence was the best way to effectuate that policy."

The district judge held the affidavit to be insufficient, refused to disqualify himself, and presided over the trial.

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or preju-

dice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The mere filing of an affidavit under this section does not automatically disqualify a judge. Behr v. Mine Safety Appliances Co., 233 F.2d 371 (C.A.3), cert. denied, 352 U.S. 942, 77 S.Ct. 264, 1 L.Ed.2d 237 (1956). Disqualification results only from the filing of a timely and sufficient affidavit. Brotherhood of Locomotive Firemen and Enginemen v. Bangor and Aroostook R. Co., 127 U.S. App.D.C. 23, 380 F.2d 570, cert. denied per curiam, 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967).

It is the duty of the judge against whom a section 144 affidavit is filed to pass upon the legal sufficiency of the facts alleged. Simmons v. United States, 302 F.2d 71 (C.A.3, 1962). Neither the truth of the allegations nor the good faith of the pleader may be questioned.[1] Simmons, supra. "[T]he section withdraws from the presiding judge a decision upon the truth of the matters alleged." Berger v. United States, 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921); see Parker Precision Products Co. v. Metropolitan Life Ins. Co., 407 F.2d 1070 (C.A.3, 1969).

To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may pre-

[1]. For this reason, we recognize that the able trial judge had no way to respond to the charges in the above-mentioned affidavit and, of course, we do not assume their accuracy except for the purposes of the application to disqualify under 28 U.S.C. § 144 due to the requirements of that statute.

vent or impede impartiality of judgment." Berger, supra, 255 U.S. at 33–34, 41 S.Ct. at 233. Clearly, more than mere conclusions are required. Inland Freight Lines v. United States, 202 F.2d 169 (C.A.10, 1953). Facts including time, place, persons, and circumstances must be set forth. Hodgson v. Liquor Salesmen's Local No. 2 of the State of New York, 444 F.2d 1344 (C.A.2, 1971).

 In view of the congressional policy adopted in the following language of the Selective Service Act of 1967 (50 U.S.C. § 456(j)), the last paragraph of the above-mentioned affidavit gives "fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment" in this case involving a conscientious objector:

> "Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. * * * Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, * * * if he is found to be conscientiously opposed to participation in * * * noncombatant service, in lieu of such induction, be ordered by his local board, subject to such regulations as the President may prescribe, to perform for a period equal to the period prescribed in section 4(b) * * * such civilian work contributing to the maintenance of the national health, safety, or interest as the local board pursuant to Presidential regulations may deem appropriate * * *."

Placing pressure on conscientious objectors "into submitting to induction" through a policy of imposing 30-month sentences indicates such a "bent of mind" in light of the above congressional policy.

Lastly, we hold the affidavit to be timely. The appellant has shown good cause for his failure to file within the time set forth in § 144. The facts upon which the judge's bias were predicated did not occur until five days before trial. See Willenbring v. United States, 306 F.2d 944 (C.A.9, 1962).

Under these circumstances we hold that the trial judge erred in refusing to recuse himself and in presiding at the trial. The judgment of conviction will be reversed, and the cause will be remanded to the district court for further proceedings consistent with this opinion.