Jeffrey Roger MIMS, et al., Appellants,

v.

Milton SHAPP, Governor of the Commonwealth of Pennsylvania, et al.

No. 75–2174.

United States Court of Appeals,
Third Circuit.

Submitted June 7, 1976.

Decided Sept. 1, 1976.

Paul R. Gettleman, Pittsburgh, Pa., for appellants.

Frederick R. Nene, Asst. Atty. Gen., Robert P. Kane, Atty. Gen., Pittsburgh, Pa., for appellees.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from a final order dismissing a Civil Rights Act complaint seeking injunctive relief and damages. The suit was filed by nine inmates confined in the Behavioral Adjustment Unit (B.A.U.) at the Pennsylvania State Correctional Insti-

**416**

tution at Pittsburgh. The B.A.U. is a separate housing unit to which are transferred prisoners considered to have behavioral problems which make their inclusion in the general prison population undesirable. The complaint, which seeks class action relief, alleges violations of rights secured to the plaintiffs and other class members by the first, fifth, sixth, eighth and fourteenth amendments. It demands jury trial on those issues triable to a jury. The appellants contend that the district court erred; (1) in denying certification of the case as a class action; (2) in denying injunctive relief; (3) in deciding their disputed claim for damages without a jury trial. Each of these contentions present serious legal and factual issues on appeal. We reach none of them, however, because a fourth contention is dispositive of the appeal and requires that all of the orders complained of be vacated. That fourth contention is that in ruling on appellants' motion to disqualify himself the district judge applied the wrong legal standard under 28 U.S.C. § 144. We agree, and conclude that all proceedings from December 10, 1974, the date of the § 144 motion, must be vacated and the case returned to the district court for reassignment to a different judge.[1]

Prior to any of the rulings which are the subject of this appeal two plaintiffs filed affidavits alleging that the district court had a personal bias or prejudice against them and in favor of the defendants. The affidavits were accompanied by the certificate of counsel of record stating that they were made in good faith. The affidavits alleged that the district judge made certain statements during a hearing on a temporary restraining order and in another proceeding indicating such personal bias. It is not necessary to set forth the affidavits in their entirety. These excerpts give the flavor:

Plaintiff Burton's affidavit alleges that the district judge (1) sent for a copy of an unrelated state court murder indictment, marked it as a court exhibit, interrogated Burton about it, and warned him that he was subject to the perjury laws of the United States; (2) drew comparisons between Burton and a notorious inmate named Hoss; (3) said of Burton "If we had capital punishment, this man would not have been involved with the killing of those two prison wardens"; (4) said "The Warden is too nice to the inmates in the Behavioral Adjustment Unit. If I were him, for what affiant did, I would not only put him in the 'hole' but beneath the 'hole'"; (5) said of defendant Howard "I trust that the Warden will do no wrong." Plaintiff Scoggins' affidavit alleges that the district judge (1) at a hearing in another case said to Scoggins "It was unfortunate that you got the 'chair' off of you and you should have gone to the electric chair, but unfortunately the U.S. Supreme Court ruled that the death penalty was unconstitutional because it was cruel and unusual punishment"; (2) at that hearing told Scoggins "If I had anything to do with it you would have gone to the electric chair"; (3) on information and belief, that the district judge claimed Scoggins was the vilest person ever to appear before his court.

 The excerpts suffice to establish that the affidavits charged the district judge with conduct on the bench exhibiting a personal bias against some of the plaintiffs and in favor of some of the defendants. The district court disposed of the motion for disqualification as follows:

"In this Civil Rights proceeding instituted by state prisoners, the plaintiffs and their counsel, Paul R. Gettleman, have presented a motion that this member of the court enter an order of disqualification. The motion is based on allegations that the Court is biased and prejudiced against state prison inmates and, in substance, has issued orders and requirements in connection with the custody of the plaintiffs, while they are away from

1. The Commonwealth contends the appeal is moot. Certainly the damage claims are not moot. Two appellants are still confined in the B.A.U. Others are still confined in the Commonwealth's prison system subject to reassignment to the B.A.U. under the same terms and conditions complained of. Thus we reject the mootness contention.

the penal institution and in the courtroom where the hearings have been held, that are unfair and without cause or justification. It is also alleged that the Court is unfair, has preconceived ideas about the rights of the prisoners, and cannot administer the trial with fairness and impartiality. There is absolutely no basis for the allegations made.

An appropriate Order is entered."

Probably the district court is right that there is no basis for the allegations made. That, however, is not the issue in deciding a motion made pursuant to 28 U.S.C. § 144. On such a motion it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge of bias or prejudice. *E.g., United States v. Townsend,* 478 F.2d 1072, 1073 (3d Cir. 1973); *Simmons v. United States,* 302 F.2d 71, 75 (3d Cir. 1962). Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary. *E.g. Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Townsend, supra; Hodgson v. Liquor Salesmen's Union,* 444 F.2d 1344, 1348 (2d Cir. 1971). The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists. *E.g. Berger v. United States, supra,* 255 U.S. at 33–34, 41 S.Ct. 230; *United States v. Thompson,* 483 F.2d 527, 528 (3d Cir. 1973); *United States v. Townsend, supra* at 1074. In the context of the present case, we may define a "personal bias" as an attitude toward petitioner that is significantly different from and more particularized than the normal, general feelings of society at large against convicted wrongdoers. It is our considered judgment that the affidavits quoted above sufficiently alleged such bias. This satisfies the requirement of 28 U.S.C. § 144. Despite our sympathy with district judges confronted with what they know to be groundless charges of personal bias we must apply § 144 as it was enacted by Congress. The recusal motion should have been granted.

The order appealed from, and all orders entered in the cause from December 10, 1974, the date of the § 144 motion, must be vacated and the case returned to the district court for reassignment to a different judge.