Eli RAITPORT

v.

**Judge E. J. BRADLEY et al.**

**Civ. A. No. 78–142.**

United States District Court,
E. D. Pennsylvania.

Feb. 21, 1978.

Eli Raitport, pro se.

Jonathan Vipond and Eve Cutler, Supreme Court of Pennsylvania, Mark Sendrow, Asst. Dist. Atty., Drew Salaman, Gerald Clark, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

FOGEL, District Judge.

The plaintiff, Eli Raitport, has filed a motion by affidavit under 28 U.S.C. § 144 requesting the Court to recuse itself from the instant action on the grounds of personal bias and prejudice. For the reasons which follow, the motion will be denied.

On January 13, 1978, plaintiff filed a motion for a temporary restraining order, and requested that he be specially appointed to serve process. Our Order of January 16, 1978, provided that

> pursuant to Local Rule of Civil Procedure 48, Eli Raitport may not be specially appointed to serve his own complaint and motion; but that any other qualified person may be appointed by the Clerk of the Court.

On January 24, 1978, the plaintiff filed a "Motion to Retract the Order of This Court Insofar as Service is Concerned, or in the Alternative Treat This Motion as a Request to File Findings of Facts and Conclusions of Law Justifying the Emphatically Discriminatory Against Plaintiff Order of January 16, 1978." A Hearing was held on February 1, 1978 and the motion was denied by Order dated February 1, 1978. By that date, all but two parties had been served.

At the February 1 Hearing, the plaintiff orally moved that the Court recuse itself pursuant to 28 U.S.C. § 144.[1] That motion was denied by the Order dated February 1, 1978.

On February 9, 1978, the plaintiff filed the instant motion by affidavit seeking recusal pursuant to 28 U.S.C. § 144. That section reads

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge

before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Notwithstanding the fact that plaintiff's affidavit was not notarized nor accompanied by a certificate that it was made in good faith, this Court has again duly considered the motion as if filed in proper form.

The plaintiff's affidavit alleges that this Court's denial of his request for a special agency to serve the summons, complaint and motion for a temporary restraining order resulted in a personal bias or prejudice on the part of the Court against the plaintiff. The affidavit also contains other conclusory allegations.

■ The mere filing of a Section 144 affidavit does not automatically disqualify a judge. *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973). On the contrary, a judge against whom such an affidavit has been filed has the duty to determine the legal sufficiency of the facts alleged although neither the truth of the allegations nor the good faith of the pleader may be questioned. *United States v. Dansker, supra; United States v. Townsend, supra; Simonson v. General Motors Corp.*, 425 F.Supp. 574, 578 (E.D.Pa.1976).

[1]. Plaintiff has not raised 28 U.S.C. § 455(a), the other judicial disqualification statute. See,

*Lemole v. Temple University*, C.A. 77–2736 (Hannum, J. December 9, 1977.)

The appropriate test is "whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976); See also, *United States v. Dansker, supra; United States v. Townsend, supra.*

The sole ground alleged is our refusal to allow the plaintiff to serve the process himself. Our Order was in accord with Local Rule of Civil Procedure 48 which requires that an individual appointed to serve process may not be a party to the action.

We do not believe that, assuming all allegations of the affidavit to be true, plaintiff's motion is "sufficient" within the meaning of 28 U.S.C. § 144 to require recusal and reassignment.

An Order will be entered accordingly.