MCKEE, Circuit Judge,
concurring.
I believe that the District Court properly applied the sophisticated means enhancement under the Guidelines. However, I write separately because I am concerned that King may well be correct in arguing that his sentence resulted, at least partially, from the District Court’s personal bias against tax offenders and that the court’s sentence was driven by that policy rather than the individualized consideration mandated under 18 U.S.C. § 3553(a).
*282 I
My concern is best illustrated by a brief examination of two cases where we determined that a sentencing judge’s personal bias against a category of criminal offenses interfered with the judge’s ability to act as an unbiased decision maker.
In United States v. Townsend, 478 F.2d 1072 (3d Cir.1973), the defendant was convicted of willful failure to submit to induction under then-existing draft laws. (50 U.S.C.App. § 462). Townsend appealed, arguing that the trial judge had erred by refusing to recuse himself given his demonstrable bias toward persons charged with violating the selective service laws. Pursuant to 28 U.S.C. § 1441, Townsend ■filed an affidavit in support of his attempt to have the judge disqualify himself for bias based on statements the judge had made during a pretrial conference. According to the affidavit:
The judge stated that he sentences all selective service violators to thirty months in prison if they are “good people.” The judge stated that he felt a duty to pressure conscientious objectors into submitting to induction and that a uniform thirty months sentence was the best way to effectuate that policy.
Townsend, supra, at 1073.
In reviewing the court’s refusal to re-cuse, we examined the law pertaining to conscientious objectors and noted Congress’s clear intention to not require conscientious objectors to serve in combat as well as congressional instruction that conscientious objectors be ordered to perform civilian work “contributing to the national health, safety, or interest,” as opposed to imprisonment. Id. at 1074 (citing the Selective Service Act, 50 U.S.C. § 456(j)). In light of that analysis, we concluded that the judge’s personal policy of imposing thirty-month sentences in an effort to “[place] pressure on conscientious objectors” to submit to induction, indicated a sufficient “bent of mind” to warrant a re-cusal. Id.
Similarly, in United States v. Thompson, 483 F.2d 527 (3d Cir.1973), Thompson was convicted of violating the Selective Service Act. He appeared before the same judge who had refused to recuse in Townsend,. Thompson also submitted an affidavit in support of his request that the judge re-cuse himself arguing that the judge had a personal policy for handling Selective Service Act cases that precluded presiding over such cases with an unbiased and open mind. The attached affidavit recounted that, during a conversation with the judge in chambers, the judge had “stated that in cases of Selective Service violation, it is his policy to sentence all violators to thirty months in prison if they are good people.” Id. The judge maintained this policy even though the applicable Selective Service law did not mandate a prison sentence. On appeal, we held that “the personal bias alleged was of such a nature and intensity to prevent the defendant, when convicted, from obtaining a sentence uninfluenced by the court’s prejudgment concerning Selective Service violators generally.” Id. at 528-9. We noted that “a defendant is entitled to trial before a judge who is not biased against him at any point of the trial and, most importantly, at sentencing,” and remanded the case for a new trial before a different judge. Id. at 529.
Although these cases turn on issues of recusal rather than abuse of discretion or unreasonableness[1] in imposing a sentence, they nevertheless counsel that a sentencing judge must determine what sentence is appropriate based upon an individualized *283 assessment of numerous factors, including those required under § 3553(a), and that a sentence of incarceration that is selected solely because of a sentencing judge’s personal bias is an abuse of discretion because it reflects the sentencing court’s refusal to exercise its discretion. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (“The failure to exercise discretion can constitute an abuse of discretion.”).
II
During King’s sentencing hearing, the court explicitly stated: “I do not believe, as a general rule, probation is appropriate for income tax evaders.” When defense counsel suggested that many tax evaders do receive probation, the judge replied:
Then you have, and your clients have, been lucky because they haven’t come before me. I don’t believe that I have been giving income tax evaders probation. But if I have, even that’s an aberration on my part. I am not going to continue it here today.
App. 60-1.
(emphasis added). Thereafter, the judge reiterated his disdain for sentencing tax evaders to probation, stating that if his pronouncement regarding tax evaders “gives you any basis for an appeal, then you should take an appeal and let the Third Circuit tell me that’s not the way to do it.” App. 63. I believe we should accept the District Court’s invitation and reiterate the principles established under Townsend and Thompson that preclude imposing incarcerative sentences pursuant to a personal policy when Congress has authorized a non-incarcerative sentence. Here, the sentencing court explained why he does not believe in imposing sentences that do not include incarceration on persons convicted of tax evasion. He states:
I believe that income tax evasion, in order to have any kind of deterrent effect, must include some kind of incarceration. ... “[Ijndividuals who are inclined to attempt to evade and defeat income taxes ought to know that even though they are pillars of the community, even though they don’t have any prior record, they don’t get a first bite at that apple. I believe that it’s an important policy matter, an important matter in the interest of justice.”
App. 66.
My concern is not mitigated by the court’s sentencing discretion that is newly recognized in United States v. Booker, U.S.-, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Booker does not allow a sentencing court to refuse to impose a non-incarcerative sentence that would otherwise be appropriate based solely upon the court’s personal view of a category of offenders. Rather, “the Federal Sentencing Act ... requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. § 3553(a)(4) (Supp.2004) ... Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.” Booker, 125 S.Ct. at 757, 766.
I am reluctant to conclude that a personal policy such as may appear on this record can be deemed reasonable if it precludes the appropriate exercise of a sentencing court’s discretion.

. See Per Curiam majority opinion, note 1.