

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# Allen v. Parkland Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Allen v. Parkland Sch Dist" (2007). *2007 Decisions.* Paper 1195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1560

———————

JAMES ALLEN, AN INDIVIDUAL;
ELIZABETH ALLEN, INDIVIDUALLY;
WILLIAM ALLEN, INDIVIDUALLY

v.

PARKLAND SCHOOL DISTRICT, A PUBLIC SCHOOL DISTRICT;
CHRISTOPHER BLEAM; JOHN TOGGAS; KURT PRYOR

JAMES ALLEN,
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-01679)
District Judge: Honorable Arnold C. Rapoport

———————

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2007

Before: McKEE and AMBRO, Circuit Judges
ACKERMAN,[*] District Judge

(Opinion filed:  April 27, 2007 )

———————

———————

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the District
of New Jersey, sitting by designation.

OPINION

AMBRO, <u>Circuit Judge</u>

James Allen appeals a jury verdict in favor of the Parkland School District and John Toggas in Allen's suit against them. Allen's appeal asserts that the magistrate judge who presided over the case abused his discretion (1) by failing to recuse himself following a motion for recusal by Allen, and (2) by refusing to allow certain doctors to offer expert testimony. For the reasons that follow, we affirm.

## I.     Factual and Procedural History

As we write for the parties, only a brief summary of pertinent facts is necessary. This case stems from an incident that occurred on October 8, 1998, at Parkland High School in Lehigh County, Pennsylvania, where Allen was a student and a member of the wrestling team. On that date, Kurt Pryor, a fellow student and also a member of the wrestling team, encountered Allen in the hallway and put him in wrestling hold that Allen alleges "choked" him. Pryor had learned that Allen had been seen smoking, which was grounds for removal from the wrestling team during the wrestling season. Although the wrestling season had not yet begun, Pryor decided to confront Allen about his behavior before the season started.

Allen filed a *pro se* complaint against the Parkland School District and John Toggas, Allen's former wrestling coach, in March 2002. Thereafter, Allen retained counsel and filed a Second Amended Complaint in January 2004. His complaint alleges a violation of 42 U.S.C. § 1983 based on a policy, practice, or custom of permitting

wrestling team leaders or captains to use physical means to redress the  misbehavior or perceived misbehavior of fellow teammates.  The complaint further alleges that this policy, practice, or custom resulted in the incident with Pryor, which caused Allen physical and emotional injuries.  A jury trial was held before the Honorable Arnold C. Rapoport, Magistrate Judge, beginning on January 9, 2006.  Judge Rapoport bifurcated the trial, and the jury returned a verdict of no liability for the defendants.  Thus, the issue of damages was never submitted to the jury.

In this appeal, Allen challenges several pretrial rulings of the District Court.  He first challenges the District Court's denial of a recusal motion.  In November 2005, Allen filed a motion seeking Judge Rapoport's recusal because of his behavior in an off-the-record settlement discussion that occurred following a June 2005 hearing.  According to Allen's affidavit submitted with the motion, Judge Rapoport used an improper tone and attitude with Allen when questioning him about his desire to work and future plans for employment, and Judge Rapoport had an *ex parte* contact with an attorney for the Parkland School District when the judge greeted him by name and had a short conversation with him in the courtroom.  The recusal motion also sought limited discovery to depose individuals, including Judge Rapoport, regarding the events that took place during the settlement discussion.  Judge Rapoport denied the motion for recusal and further discovery in December 2005.

Allen also challenges rulings by the District Court that limited the scope of the testimony of certain doctors, in particular Dr. Stuart Jones.  The District Court ordered

3

Allen to identify expert witnesses and to provide expert reports and *curriculum vitae* by June 16, 2004. On March 7, 2005, Allen listed seven "treating physicians," including Dr. Jones, as witnesses who would be called to testify at trial.

Defendants immediately filed a motion *in limine* to prevent Allen from eliciting expert opinions as to causation from these witnesses because Allen had never designated them as experts, let alone done so by the deadline set by the District Court. Judge Rapoport issued orders on June 2, 2005, that allowed Dr. Jones and the other doctors to testify as treating physicians but not as experts. With the District Court's permission, the defendants deposed Dr. Jones.

Following the deposition and fifteen months after the deadline to submit expert reports, Allen produced an expert report by Dr. Jones relating to his medical opinion as to causation based on his own treatment as well as medical records he had not seen during his treatment. In the face of the expert report from Dr. Jones, the defendants again filed a motion *in limine* to prevent Allen from eliciting expert opinion testimony from Dr. Jones that was outside the scope of his treatment of Allen. Relying on the order setting expert report deadlines and his earlier rulings on motions *in limine*, Judge Rapoport issued an order on September 29, 2005, granting defendants' motion and concluding that Dr. Jones's report was inadmissable at trial. The order stated that Dr. Jones would be allowed to testify concerning "his diagnosis of the Plaintiff as contained in the reports of Plaintiff's cerebral perfusion imaging studies and as to how that diagnosis was reached at the time those reports were authored." The order added that "[t]o rule otherwise would

4

circumvent the prior Orders of this Court and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure."

## II.     Discussion

We review a district court's action on a recusal motion for an abuse of discretion. *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).  We also review a district court's rulings regarding the exclusion of evidence and the scope of witness testimony for an abuse of discretion.  *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).[1]  We conclude that the District Court did not abuse its discretion in this case.

### A.     Allen's Recusal Motion

Allen sought the recusal of Judge Rapoport under both 28 U.S.C. § 144 and 28 U.S.C. § 455(a).  Recusal motions pursuant to § 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice" toward the moving party.  *United States v. Rosenberg*, 806 F.2d 1169, 1173 (3d Cir. 1986).  While the facts in timely affidavits are accepted as true, "conclusory statements and opinions . . . need not be credited."  *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989).  "For the purpose of this statute, the alleged bias or prejudice must stem from an extrajudicial source rather

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.  We do not conclude, as urged by defendants, that we lack jurisdiction over the appeal as it relates to Defendant Toggas.

than from facts which the judge learned from his participation in the case." *Rosenberg*, 806 F.2d at 1173.

Judge Rapoport concluded that the motion under § 144 was untimely and that the allegations in the affidavit were insufficient to establish bias or prejudice against Allen. We agree. Although the incident allegedly requiring the recusal of Judge Rapoport took place in June 2005, Allen did not file his recusal motion until November 2005—following at least one additional adverse ruling by Judge Rapoport: the September 29, 2005 order granting defendants' motion *in limine*. "[W]hen a party's attorney is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal [typically] is not timely." *In re Kensington Int'l Ltd.*, 368 F.2d 289, 314–315 (3d Cir. 2004). In these circumstances, it was not an abuse of discretion for Judge Rapoport to conclude that Allen's motion was untimely.

Similarly, the allegations in Allen's affidavit,[2] even if accepted as true, do not support the conclusion that Judge Rapoport was possessed of "a bent mind that may prevent or impede impartiality of judgment." *Vespe*, 868 F.2d at 1340 (quoting *United States v. Townsend*, 478 F.2d 1072, 1073–74 (3d Cir. 1973)). The allegations regarding Judge Rapoport's behavior during the off-the-record settlement discussions show only that Allen himself felt intimidated by and uncomfortable with the Judge's questioning. And to the extent that Judge Rapoport gained unfavorable views of Allen during this

---

[2]We do not address whether Allen's amended affidavit qualifies as a second affidavit under § 144, which limits a party to filing "only one such affidavit in any case." As the District Court noted in its recusal ruling, the two affidavits were essentially the same.

discussion, these views did not derive from any extrajudicial source. As the Supreme Court has recognized:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). There is no evidence of any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Regardless whether Judge Rapoport's discussion hindered the prospects for settlement, as Allen alleges, the Judge's recusal was not required based on his alleged conduct during the discussion.

The so-called *ex parte* contact between Judge Rapoport and an attorney for defendants also does not support Judge Rapoport's recusal. According to Allen's affidavit, the Judge had a conversation with one of the attorneys for the Parkland School District within earshot of others in the courtroom. Allen did not hear the substance of the conversation, but he alleges that Judge Rapoport greeted the attorney in a friendly manner. There is no evidence that Judge Rapoport discussed anything about the case with the attorney or anything else improper, and given the fact that the alleged conversation took place in plain view of everyone in the courtroom and within earshot of Allen, it is questionable whether this conversation could even be considered *ex parte*. In any event, Allen's allegations of bias amount to no more than speculation, thus hardly

7

providing grounds for Judge Rapoport's recusal under § 144.

We also conclude that the District Court did not abuse its discretion in denying the motion for recusal under § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003). For the reasons discussed above, a reasonable person with knowledge of the facts would not conclude that Judge Rapoport's impartiality could reasonably be questioned. His exhibition of some skepticism of Allen's claims based on the off-the-record settlement discussion, and the Judge's friendly greeting of opposing counsel, are not facts that would lead a reasonable person to question his impartiality. *See United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations.").

In a request related to his recusal motion, Allen also sought to depose Judge Rapoport and others regarding the off-the-record events at the June 2005 hearing. It was not an abuse of discretion for the District Court to deny this request. There is no indication that Judge Rapoport's testimony was required to resolve the recusal motion, and because he in fact did not make himself a witness, he was not required to recuse himself for the reason that he was both witness and jurist. Even if true, the allegations in Allen's affidavit did not constitute grounds for Judge Rapoport's recusal, and there was

8

therefore no need for further testimony. In sum, the District Court's denial of Allen's request for further discovery was a proper exercise of its discretion.

### B.     Exclusion of Expert Opinion Testimony

Allen contends also that the District Court abused its discretion in limiting the testimony of Dr. Jones and other "treating physicians." Because Allen failed to designate these witnesses as experts or supply expert reports for these witnesses by the court-ordered deadline, the District Court ruled that their testimony would be limited to facts gained in their treatment of Allen. "This court has upheld the exclusion of expert witnesses as an appropriate sanction for a party's violation of a discovery order or some other pre-trial order." *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990). In evaluating whether a district court abused its discretion in excluding testimony because of the failure of counsel to adhere to a pretrial order we consider—

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

*Konstantopoulos*, 112 F.3d at 719 (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–905 (3d Cir.1977)). We also consider the importance of the excluded testimony. *Id.* "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers*, 559 F.2d

9

at 905 (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir.1977)).

Considering these factors, we conclude the District Court did not abuse its discretion in preventing Dr. Jones and the other physicians from presenting expert opinion testimony. While Allen characterizes Dr. Jones's testimony as essential to his case, it should be noted that the District Court did not exclude all of Dr. Jones's testimony. To repeat, the Court held that Dr. Jones could testify concerning "his diagnosis of the Plaintiff as contained in the reports of Plaintiff's cerebral perfusion imaging studies and as to how that diagnosis was reached at the time those reports were authored." It merely prevented Dr. Jones from putting forward expert causation testimony based on facts that went beyond his treatment of Allen. This was not too harsh a sanction given Allen's flagrant disregard of the District Court's order requiring experts to be designated, and expert reports to be submitted, by June 16, 2004. Nine months after this deadline, Allen for the first time made clear his intention to call Dr. Jones and the other physicians. After another six months had passed and following the District Court's ruling that these witnesses could not testify as experts, Allen produced an expert report by Dr. Jones. This required the defendants to seek another *in limine* ruling on the scope of Dr. Jones's testimony. Allen's repeated attempts to introduce expert opinion testimony by Dr. Jones beyond that acquired in his treatment of Allen disregards flagrantly the District Court's orders.

Furthermore, allowing Dr. Jones to introduce an expert opinion beyond the scope of his treatment would have prejudiced the defendants and delayed the proceedings.

While the defendants did have an opportunity to depose Dr. Jones, this deposition took place under the belief that he was testifying as a treating physician and before his expert report had even been submitted.  In order not to prejudice the defendants, the District Court would have had to allow them again to depose Dr. Jones, which would have resulted in more expense and delay.  Following the production of Dr. Jones's report, the defendants were forced to seek an order to enforce the already-existing court order limiting Dr. Jones's testimony.  Under these circumstances, the Court did not abuse its discretion in preventing Allen from eliciting expert opinion testimony from Dr. Jones and the other treating physicians beyond the scope of their treatment of Allen.

*   *   *   *   *

The judgment of the District Court is affirmed.