**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1371
_____

MARK S. FRAZIER,
                              Appellant

v.

CITY OF PHILADELPHIA;
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-17-cv-04597)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 4, 2018
Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: February 12, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After the District Court entered an order dismissing his second amended complaint with prejudice, Mark Frazier filed a recusal motion.[1] He principally argued in the motion that the District Court misapplied the law in Frazier's current and prior lawsuits. The presiding District Judge—the Honorable Nitza I. Quiñones Alejandro—discerned "no reasonable factual basis for doubting" her impartiality, and denied the motion. Frazier appealed. We have jurisdiction under 28 U.S.C. § 1291, and our review is for abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

A federal judge must disqualify herself in any case in which her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, Frazier has expressed dissatisfaction with the District Court's legal rulings, but that "almost never" constitutes a valid basis for disqualification of a judge, Liteky v. United States, 510 U.S. 540, 555 (1994), and this case presents no exception to the general rule. See also Jones, 899 F.2d at 1356 (concluding that recusal motion was nothing more than a veiled disagreement with the district judge's rulings and thus did not support a suggestion of partiality).

Furthermore, we reject the conclusory contention, see Br. at 4, that the District Judge, as a former jurist of the Philadelphia County Court of Common Pleas, labored under a conflict of interest in Frazier's suit against, among others, the Commonwealth of Pennsylvania and the City of Philadelphia. There is simply no indicia of impartiality by the District Judge, who scrutinized with care Frazier's pro se pleadings, explained to

---

[1] Frazier's appeal of the order of the District Court dismissing his complaint, see CA No. 18-1156, is addressed in a separate opinion.

Frazier multiple times the defects she perceived in those pleadings, and provided Frazier multiple opportunities to correct those defects. The standard for recusal under § 455(a) thus was not met in this case.[2]

For these reasons, the District Court did not abuse its discretion denying Frazier's recusal motion, and we will affirm its order.

---

[2] Frazier did not disclose the statutory basis for his motion. See ECF 17. So, in addition to considering whether there were grounds for recusal of the District Judge under 28 U.S.C. § 455(a), we have also considered whether recusal might have been proper under 28 U.S.C. § 144. See Jones, 899 F.2d at 1356. "[B]oth statutes require the same type of bias for recusal," Johnson v. Trueblood, 629 F.2d 287, 290 (3d Cir. 1980), but § 144 has some procedural requirements—related to timing and form—with which Frazier did not comply. Cf. United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (observing that disqualification under § 144 "results only from the filing of a timely and sufficient affidavit"). Based on those procedural defects, as well as the reasons set forth in the body of this opinion, it was appropriate for the District Judge to deny the recusal motion insofar as it was governed by § 144.